Viola **PERALES** Appellant,

v.

**B,RASLAU'S FURNITURE COMPANY,**
**Appellee.**

**No. 754.**

Court of Civil Appeals of Texas,
Corpus Christi.

March 29, 1973.

Rehearing Denied April 26, 1973.

Lee Arnett, Brownsville, John L. Johnson, Corpus Christi, for appellant.

Allison, Maddin, White & Brin, Harry F. Maddin, Corpus Christi, for appellee.

OPINION

BISSETT, Justice.

This is a slip and fall case. Viola Perales sued Braslau's Furniture Company for

personal injuries sustained when she fell in defendant's store. Following a jury trial, judgment was rendered that plaintiff take nothing. Plaintiff has appealed. We affirm.

Plaintiff, while in defendant's store, allegedly slipped and fell at a slippery place on the floor. Her left thigh was severely injured by the fall. Among other allegations, plaintiff alleged that defendant maintained the floor in a slippery condition that rendered it unsafe for plaintiff to walk; that defendant failed to exercise ordinary care to keep the floor in a safe condition which was a proximate cause of the occurrence in question; that such failure consisted of waxing the vinyl floor which should not have been waxed, failing to properly strip the old wax from the floor before applying new wax, using a wax without sufficient skid retardant additives, and applying an excessive amount of wax when the floor was waxed.

The trial court, over defendant's objections, submitted Special Issues Nos. 1 and 2, which issues and the jury's answers read as follows:

### "SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that Viola Perales fell on the occasion in question because she encountered a slippery place on the floor?

Answer 'We do' or 'We do not'.

Answer: We do.

If you have answered Special Issue No. 1 'We do', then answer Special Issue No. 2, otherwise you need not answer the same.

### SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that Braslau Furniture Company failed to use the degree of care that a reasonably prudent furniture company would have used under the same or similar circumstances in the manner in which the floor was waxed at the place where Viola Perales fell?

Answer 'We do' or 'We do not'.

Answer: We do not."

A proximate cause issue was conditionally submitted upon a "we do" answer to Special Issue No. 2, and, consequently, was not answered by the jury. Plaintiff did not object to the submission of Special Issues 1 and 2.

Plaintiff, by points 1, 2, 3 and 4, complains of the failure of the court to submit her requested Special Issues A, B, C and D. Such issues inquired: (A) whether in the exercise of ordinary care defendant should not have applied wax to the floor surface in question; (B) whether defendant applied wax to the floor in a manner contrary to the instructions of the manufacturers of the wax; (C) whether there was an excessive amount of wax on the floor at the place where plaintiff fell; and (D) whether defendant failed to exercise ordinary care to strip the old wax from the floor before applying new wax?

Plaintiff testified that she was familiar with defendant's premises, that the floor was not slippery before she got to the place where she fell, and that she did not know what, if anything, was on the floor that caused her to slip and fall. She further stated that she made no examination of the floor at the place where she fell, and that all she really knew was that the floor was slippery where she fell.

Various employees of defendant testified that they were not aware that the floor was slippery where plaintiff fell, that they saw nothing on the floor that could have caused the fall, and that when plaintiff fell her legs seemed to give way and she did not slip. The floor was covered with a vinyl sheet material and was maintained by a janitor in the employ of the defendant. It was waxed at least every four months. The janitor testified that before he applied wax to the floor he scrubbed the floor with soap and water. After rinsing and

drying, he applied "Peak" liquid wax with a sixteen ounce string mop in a back and forth motion. After the first coat dried, a second coat was applied using slightly less wax. He would use about three-fourths of a gallon of wax on the floor. He would then buff the surface. Then, the floor would be dust mopped. He did not use a commercial stripper on the floor to remove old layers of wax prior to applying the new wax.

Plaintiff's expert witness testified that failure to remove old wax in a proper manner would cause excessive accumulation of wax on the floor which could cause the floor to become slippery. He also said that he would use only one coat of the "Peak" wax, that three-fourths of a gallon of wax was too much for the floor, that if the floor showed buffing marks too much wax had been used, and that he would use a commercial stripper to remove all old wax prior to applying a new application. However, he had no personal knowledge of the condition of the floor at the time plaintiff fell. He recommended that the old wax be removed with a certain commercial product, but he did not testify that the old wax that was applied to the floor could not be removed with soap and water; he simply said: "Ninety per cent of the commercial wax on the market in '68, soap would not phase it".

Rule 279, Texas Rules of Civil Procedure, reads, in part, as follows:

"When the court submits a case upon special issues, he shall submit the controlling issues made by the written pleadings and the evidence, . . ."

■ An ultimate fact is one that is essential to the right of action or matter of defense and the trial court is under the duty of submitting only ultimate or controlling issues. Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W. 2d 79, 84 (1940); Simmons Motor Company v. Mosley, 379 S.W.2d 711 (Tex.Civ. App.—Austin 1964, writ ref'd n.r.e.). Is-

sues that are not ultimate or controlling are characterized as evidentiary issues and need not be submitted to the jury; or, if submitted, may be disregarded as being immaterial. H. E. Butt Grocery Co. v. Johnson, 226 S.W.2d 501 (Tex.Civ.App.—San Antonio 1949, writ ref'd n.r.e.); Mills v. Withers, 483 S.W.2d 339 (Tex.Civ.App.—Houston 1st Dist. 1972, n.w.h.).

■ The factual questions raised by plaintiff's requested issues may have been proper subjects of inquiry in evidence, but the issues, as framed, are not required to be submitted to the jury for determination. They relate only to various phases and different shades of the controlling issue (whether or not defendant was negligent) which was submitted with the implied approval of plaintiff. The requested issues inquired into specific facts that may have contributed to the creation of the allegedly dangerous condition, but, at best, they relate only to evidentiary matters. They did not present controlling or ultimate issues which had been omitted from the court's charge. We believe that the negligence issue (Special Issue 2), as submitted by the court, was most favorable to plaintiff and fairly presented her theories of recovery. The controlling issue was submitted to the jury. Accordingly, plaintiff's points 1, 2, 3 and 4 are overruled.

■ Plaintiff, in point 5, contends that the trial court erred in refusing her leave to file a trial amendment "concerning application of wax to the floor in a manner contrary to the instructions of the manufacturer of the wax which was negligence and a proximate cause of the occurrence in question". The instruction for applying "Peak" wax directed that it be applied in a figure eight motion. In our opinion, the manner in which the wax was applied to the floor is immaterial to plaintiff's cause of action. The trial court did not err in refusing plaintiff leave to file the trial amendment. See Rule 66, T.R.C.P. There has been no showing of an abuse of discretion in this case. Furthermore, the action

by the trial court did not amount to such a denial of the rights of plaintiff as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, T.R.C.P. Plaintiff's point 5 is overruled.

The judgment of the trial court is affirmed.