FIDELITY & CASUALTY COMPANY
OF NEW YORK et al., Appellants,

v.

Mildred and T. J. JEFFERIES, Appellees.

No. 981.

Court of Civil Appeals of Texas, Tyler.

Dec. 30, 1976.

Rehearing Denied Jan. 27, 1977.

Henry Stollenwerck, Dallas, for appellants.

Gary R. Stephens, Stephens & Stephens, Dallas, for appellees.

DUNAGAN, Chief Justice.

This action was brought by appellees, Mildred Jefferies and T. J. Jefferies (formerly husband and wife), against appellants, Fidelity & Casualty Company of New York and Royal Indemnity Company, seeking to recover under two fire insurance policies for the loss of the contents of a building located at 6410 Gaston Avenue, Dallas, Texas. Each of the fire insurance policies was in the principal amount of Ten Thousand Dollars ($10,000.00) and each contained the usual condition suspending or restricting insurance coverage when certain contingencies occurred. In particular, one such limiting condition provided for no coverage following a change in ownership of the insured property. Admittedly, both policies were in full force and effect at all times material herein.

Appellants by amended answer invoked several conditions of the policies suspending or restricting coverage, but specifically invoked and principally relied upon the exclusionary provision noted above concerning change of ownership. Appellees by amended pleadings pled that appellants had waived the change in ownership provision and that they were estopped to claim the forfeiture.

As shown by the record appellees, T. J. Jefferies and wife, Mildred Jefferies, were the owners of a restaurant and club known as "The Palace", together with the contents therein located at 6410 Gaston Avenue in Dallas, Texas, having acquired it in 1958. The contents consisted of a beer box, mirrors, steel sink, bar stools, folding chairs, leather chairs, numerous tables, a juke box, discotheque speakers, pool tables, pinball machines, and other similar articles used in the operation of the restaurant and club. The value of the contents was alleged by appellees to be $20,000.00. The two fire insurance policies were issued to appellee Mildred Jefferies by A. J. Rogers, the local recording agent for both insurance companies, on or about August 28, 1972, for a policy period of one year, all premiums having been paid at the time of the loss. Each insurance policy insured the contents against fire and lightning with extended coverage in the sum of $10,000.00 or a total coverage of $20,000.00. As hereinabove indicated the policies contained identical restrictive provisions excluding coverage following a change in ownership of the insured property.

By an instrument executed June 14, 1973, appellee T. J. Jefferies, as seller, for a consideration of $15,391.42, part in cash and the remainder deferred with interest, sold to I.T.G. Corporation, Evan Ritter, Michael Keegan and Michael Merritt the aforesaid business located at 6410 Gaston Avenue together with the "assets" listed in an inventory forming a part of the written memorandum of sale. Such contract contained a provision to the effect that the title and ownership of the property did not pass from the seller to the buyer until the note given in consideration therefor was paid. Most of the contents of the building were listed in the inventory. Some items of the contents, however, form no part of the sale and they were specifically identified and excluded. The deferred payments were to be made to appellees at the rate of $300.00 per month. Apparently none of these payments had been made at the time of the loss. The contract authorized the buyer to take possession of the business and contents on May 21, 1973, and the evidence shows that they did so. The buyer also agreed to carry contents insurance acceptable to seller in the sum of $14,000.00, but the record does not show whether such insurance was ever obtained.

On August 1, 1973, the business and contents burned, resulting in a total loss.

There was testimony that the value of the contents which had been "sold" at the time of the fire was $15,000.00 and the value of the items not "sold" was $11,033.00.

Appellee Mildred Jefferies testified that shortly after the contract with the buyer had been executed she had a conversation with the insurance agent, Rogers, wherein she advised him that the business had been sold and that she desired the ownership changed in the policies showing her as a lienholder. According to Mrs. Jefferies the agent advised her that inasmuch as the policies would soon be up for renewal she should leave them as then written and that she "was covered." There is no other evidence in the record with reference to agent Rogers.

In answer to the issues submitted the jury found (a) that the reasonable cash market value of the contents destroyed in the fire was $15,000.00; (b) that appellee Jefferies at the time of the fire owned contents therein of the reasonable cash market value of $5,000.00; (c) that after the sales contract of June 14, 1973 had been executed, but before the fire loss in question, appellee Mildred Jefferies requested the agent A. J. Rogers to change the ownership of the policies and protect her interest therein, but the agent represented to her that all of the contents of the building were covered; (d) that the reasonable cash market value of the contents described as the assets sold in the sales contract and destroyed in the fire was $10,000.00. The jury failed to find that at the time of the fire appellees owned all of the contents of the 6410 Gaston Avenue building.

Appellees timely filed their Motion For Judgment on the Verdict and for Judgment N.O.V. which was overruled, and the Court entered Judgment for appellees against each appellant for the sum of $7,500.00 with accrued interest, or a total of $15,000.00, together with accrued interest in the total amount of $1,800.00.

Appellants bring forward three Points of Error asserting that the trial court erred in rendering judgment for appellees because (a) appellees failed to prove no change of ownership of the insured contents and no ultimate issues were submitted by appellees on the issues of waiver and estoppel; (b) that the direct loss to appellees, as found by the jury, was $5,000.00, and (c) the trial court erred in submitting Special Issues Nos. 6 and 7 since they were merely evidentiary and not ultimate issues and could form no basis for a judgment for appellees.

■ Inasmuch as appellants pled change of ownership of the insured property as a defense to appellees' action, if change of ownership was raised by the evidence, the burden of proof was on the appellees to negative the application of such exclusionary provision. *Sherman v. Provident American Insurance Company,* 421 S.W.2d 652 (Tex.1967); *Hardware Dealers Mutual Insurance Company v. Berglund,* 393 S.W.2d 309 (Tex.1965). The validity of such a provision limiting or restricting coverage is not open to question. The reason for such clauses is that a contract of property insurance is considered to be personalized in its risks and the courts are reluctant to require insurers to assume dangers not contemplated and to protect persons with whom no contract was ever made. Such provisions limiting coverage are reasonable and valid. *Bucher v. Employers Casualty Company,* 409 S.W.2d 583 (Tex.Civ.App.— Fort Worth 1966, no writ); *Home Insurance Company v. Brownlee,* 480 S.W.2d 491 (Tex.Civ.App.—Eastland 1972, no writ); *Continental Insurance Company v. Michaels,* 13 S.W.2d 465 (Tex.Civ.App.— Texarkana 1929, no writ).

■ To escape the consequences of the alleged change in ownership, appellees pled that such exclusionary provision had been waived by appellants and that they were estopped to rely upon it. Unless no change in ownership had been conclusively established in the evidence, it was incumbent upon appellees to submit to the jury and obtain favorable findings on the issues of waiver and estoppel in order to avoid the consequences of the exclusionary provision. Rule 279, T.R.C.P.

Appellees assert it was conclusively established as a matter of law that there had been no change of ownership of the insured property. They rely upon the provisions of the contract of sale dated June 14, 1973, and Section (b) of Article 2.401, Texas Business and Commerce Code. The above section of the Code reads as follows:

"(b) Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest . . . ."

■ The contract of sale dated June 14, 1973, did contain a provision to the effect that the title and ownership of the property did not pass from appellees to the buyer until the note described therein was paid. However, actual delivery of the contents of the building to buyer occurred on May 21, 1973, and buyer on that date assumed physical possession of the same and commenced the operation of the business. From the language used it was clearly the intent of the contract of sale to reserve to appellees a security interest only in the property. The risk of loss by fire therein was shifted to parties with whom appellants had no contract. Appellees had completed their performance of the contract when they delivered the physical possession of the contents to buyer who was placed in possession of the building and contents. Moreover, the contract further obligated the buyer to obtain contents insurance although it is not shown that buyer did so. The fact that appellees reserved a security interest in the property did not have the effect of establishing that there had been no change in ownership of the insured contents. There are numerous references in the contract that the contents were "sold" to the buyer. Appellee, Mildred Jefferies, testified that the contents had been sold to the buyer, who took possession and control and commenced operation of the business. Appellees' interest in the contents was reduced from that of owner to that of mortgagee. This resulted in a material change in ownership of the insured contents. *International Insurance Company v. Jataine*, 495 S.W.2d 309 (Tex.Civ.App.—Corpus Christi 1973, n. r. e.). We are of the opinion that the provisions of the contract of June 14, 1973, when viewed in light of Section (b) of Article 2.401, Texas Business and Commerce Code, did not have the effect of establishing as a matter of law that no change in ownership of the insured property had occurred.

■ This brings us to a consideration of whether appellees met their burden to obtain favorable jury findings on waiver and estoppel. In this connection two Special Issues only were submitted to the jury [1] and affirmative answers were made to each. Under Rule 279, T.R.C.P., the court is required to submit only the "controlling issues" made by the pleadings and the evidence. A "controlling issue" is synonymous with "ultimate fact or issue" and has been defined as one essential to the right of action or matter of defense. *Wichita Falls & Oklahoma Railroad Company v. Pepper*, 134 Tex. 360, 135 S.W.2d 79 (1940). If such

---

1. SPECIAL ISSUE NO. 6

Do you find from a preponderance of the evidence that after plaintiff Jefferies entered into the contract dated June 14, 1973 (Defendant's Exhibit 1) Defendant's insurance agent A. J. Rogers, before the fire in question, represented to Mildred Jefferies that all of the personal property contents of the 6410 Gaston Avenue building were covered by the insurance policies in question?

Answer "Yes" or "No".

ANSWER: Yes

If you have answered Special Issue No. 6 "Yes" then answer the following special issue; otherwise, you need not answer same.

SPECIAL ISSUE NO. 7

Do you find from a preponderance of the evidence that before the defendant's insurance agent A. J. Rogers made such representation, if any you have heretofore found in answer to the preceding issue, Mildred Jefferies requested of him that the policies in question be changed to protect plaintiff's interest in any of the personal property affected by the *contractual agreement* of June 14, 1973 (Defendant's Exhibit 1)?

Answer "Yes" or "No".

ANSWER: Yes

**886**

an issue is answered favorably to the theory in which it is presented, it will support a judgment. *Simmons Motor Company v. Mosley*, 379 S.W.2d 711 (Tex.Civ.App.— Austin 1964, n. r. e.). In our opinion neither Special Issue No. 6 nor Special Issue No. 7 were ultimate or controlling issues since neither submitted the matter of waiver or estoppel and will not support a judgment for appellees. "Waiver" is held to be an intentional relinquishment of a known right or intentional conduct inconsistent with claiming it. *Massachusetts Bonding & Insurance Company v. Orkin Exterminating Company*, 416 S.W.2d 396 (Tex.1967). Estoppel on the other hand consists of numerous elements as stated in *Astow Sign Company v. Sullivan*, 518 S.W.2d 420 (Tex.Civ. App.—Corpus Christi 1974, n. r. e.) at page 426:

> "The essential elements of estoppel are: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) to a party without knowledge, or the means to acquire it; (4) with the intention that it should be acted on; and (5) the party to whom it was made must have relied or acted on it to his prejudice."

See also: *Gulbenkian et al v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (Tex.1952).

It is apparent that the controlling issues on waiver and estoppel were not submitted in Special Issue No. 6 or Special Issue No. 7. These issues were evidentiary only and will not support a judgment for appellees. They are considered immaterial issues and may be disregarded. *Grubb v. Grubb*, 525 S.W.2d 38 (Tex.Civ.App.—El Paso 1975, n. r. e.); *Perales v. Braslau's Furniture Company*, 493 S.W.2d 638 (Tex. Civ.App.—Corpus Christi 1973, n. r. e.); *Mills v. Withers*, 483 S.W.2d 339 (Tex.Civ. App.—Houston [1st Dist.] 1972, n. r. e.). If it can be said that the issues submitted consist of one or more elements of one ultimate issue, in our opinion there can be no deemed findings favorable to appellees herein upon omitted issues since Rule 279, T.R.C.P., requires that there be evidence in

the record to support the omitted issues. There is none supporting all of the elements of either waiver or estoppel. It follows that appellants' three points of error should be sustained. Under the findings of the jury, however, the appellees proved ownership in the contents of the building to the extent of $5,000.00 and, accordingly, they are entitled to judgment for said amount together with interest at the legal rate.

Judgment of the trial court is reversed and judgment is here rendered that appellees recover of and from appellants jointly the total sum of $5,000.00 together with legal interest from the date of the filing of defendants-appellants' original answer denying liability. *Lloyds v. Hale*, 405 S.W.2d 639, 643 (Tex.Civ.App.—Amarillo 1966, writ ref'd n. r. e.).

Reversed and rendered.