Lucy SKEEN, Appellant,

v.

The STATE of Texas et al., Appellees.

No. 6549.

Court of Civil Appeals of Texas, El Paso.

March 16, 1977.

Rehearing Denied April 13, 1977.

Joseph Connally, Royal Caswell, Odessa, for appellant.

John L. Hill, Atty. Gen., Joe D. Jarrard, Asst. Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Watson C. Arnold, C. W. Pearcy, Asst. Atty. Gen., Austin, for appellees.

## OPINION

PRESLAR, Chief Justice.

This is an inverse condemnation case brought by the Appellant alleging water damage to her property caused by elevation of a highway. Based on a jury verdict, judgment was entered for the State and the State Highway Department. We are of the opinion that the judgment should be reversed.

Suit was originally by Appellant and her husband, now deceased. The Appellant alleges that they had purchased acreage and built a home adjacent to Highway 80, and that subsequent to their purchase, the Appellee elevated the highway without providing for adequate drainage, thereby diverting flood waters upon their property by two floods, one in 1968 and one in 1970. The case was submitted to the jury on a series of thirteen special issues, all of which were answered favorably to the Appellant-Plaintiff, except one, Special Issue No. 9.

Both parties filed motions for judgment on the verdict, and the trial Court found in favor of the Appellee-Defendants. Appellant brings this appeal on the sole point of error that the trial Court erred in not granting her motion for judgment on the verdict.

Appellees have filed their motion in this Court urging that we dismiss the appeal because of the failure of the Appellant to file a motion for new trial. We deny the motion to dismiss for the reason that Rule 324, Tex.R.Civ.P., contains an exception to the Rule that a motion for new trial is a prerequisite to appeal from a case tried to a jury. That Rule provides that neither a motion for a new trial nor an assignment therein shall be a prerequisite to the right to complain on appeal of the action of the Court in "overruling a motion for judgment on the verdict made by the party who becomes appellant."

Both parties having moved for a judgment on the verdict, the matters which can be reviewed by this Court are limited. The record reflects that the Court accepted the verdict without objection from either party and ordered it filed. We conclude that the verdict requires a judgment for the Plaintiff for damages under the provisions of Article 1, Sec. 17, of the Texas Constitution.

In part, Article 1, Sec. 17, provides:

"Sec. 17. No person's property shall be taken, damaged or destroyed for or

applied to public use without adequate compensation being made * * *."

The damage here complained of was clearly for a public use. The construction and maintenance of the highways are acts of the State performed by its authorized instrumentality, the Highway Department. *State v. Malone,* 168 S.W.2d 292 (Tex.Civ. App.—Austin 1943, writ ref'd w. o. m.). The jury found that the elevating of the highway caused the overflow of water on the Appellant's property, Special Issue No. 1, and that the culverts and service roads were constructed in such a manner as to cause an overflow, Special Issue No. 2, and by Special Issue No. 3 it was found that such overflow injured the real and personal property of the Appellant. Damages were found to be in a total sum of $40,137.50.

■ It is well established that upon proper pleading and proof the Appellant is entitled to recover damages from the Appellees for the taking, damaging, or destroying of her property for public use, under Article 1, Sec. 17, of the State Constitution. *State v. Hale,* 136 Tex. 29, 146 S.W.2d 731 (1941), is a case very similar to this one on the fact situation; here, a recovery was allowed under this Section of the Constitution, the Court making the distinction that liability of the State under this Section of the Constitution should not be confused with the claim for damages caused by the negligent acts or wrongs committed by its agents or officers. Additional authorities are: *State v. Malone,* supra; *State v. Sparks,* 296 S.W.2d 609 (Tex.Civ.App.—Eastland 1956, no writ); *Brazos River Authority v. City of Graham,* 163 Tex. 167, 354 S.W.2d 99 (Tex. 1961); *DuPuy v. City of Waco,* 396 S.W.2d 103 (Tex.1965).

As indicated, the jury answered all issues except one in favor of the Plaintiff. That issue is number 9 and was cited by the Defendant-Appellees in its motion for judgment. It is obviously the basis of the trial Court judgment, and in that we think the Court erred. Special Issue No. 9 reads:

"Do you find from a preponderance of the evidence that the construction of the Skeen home in a low area was a produc-

ing cause of the property damage to the Skeen home by water?"

To which the answer was "We do."

■ We do not construe this as a controlling issue, one which will support a judgment. Rather, it is immaterial as being evidentiary only. By this issue, the jury was told that the property was located in a low area, and was asked if that was a producing cause of the damage to it. The jury could not answer the issue otherwise with the instructed fact of the "construction in a low area." The finding is a recognition of a law of nature that water will seek its level. The property had to be in a low area or the water would never have gone to it. The controlling issues here are made by the constitutional provision. Liability issues for this inverse condemnation are that there was a taking or damaging and that it was for a public use. As noted earlier in this opinion, the jury had answered those issues favorably to the Appellant so that liability attached. Special Issue No. 9 is not controlling of such liability. It is not a finding that flooding of the property would have occurred independently of the elevation of the highway. It must be considered as an immaterial issue, which may be disregarded. *Grubb v. Grubb,* 525 S.W.2d 38 (Tex.Civ.App.—El Paso 1975, writ ref'd n. r. e.); *Perales v. Braslau's Furniture Company,* 493 S.W.2d 638 (Tex. Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.); *Fidelity & Casualty Company of New York v. Jefferies,* 545 S.W.2d 881 (Tex.Civ. App.—Tyler 1976, no writ).

The immateriality of Special Issue No. 9 is seen when we look at the jury's findings to other issues. By Special Issue No. 8, it was found that the construction operations of the Highway Department were done in such a manner as to change or divert the natural flow of rainwater along the highway right-of-way to the Midland Draw where the property was located; by Special Issue No. 10, it was found that the Skeens "did not" purchase and occupy a home subject to water damage from floodwater draining to the Midland Draw; by Special Issue No. 12, it was found that the failure

**716**

of the Skeens to ascertain the relative elevation of their property "was not" a producing cause of the property damage; and by Special Issue No. 13, it was found that the property damage "was not" the result of the acts of God as caused by unusual and extraordinary rainfall flooding the Midland Draw and drainage facilities to it. As an immaterial issue, Special Issue No. 9 may be disregarded. Rule 301, Tex.R.Civ.P., provides that the judgment must conform to the verdict, but it is only when an answer to an issue is material that a judgment must conform to the findings of the jury. *T. A. Manning & Sons, Inc. v. Ken-Tex Oil Corporation,* 418 S.W.2d 324 (Tex.Civ.App. —Austin 1967, writ ref'd n. r. e.).

 Appellees seek to assert two crosspoints to the effect that the trial Court correctly granted Appellees' motion for judgment non obstante veredicto for the reason that there is no evidence to support the damage issues, and for the further reason that there is no jury finding or basis in the record of evidence on a proper measure of damages. We are of the opinion that because of the post verdict procedure of Appellees, they have not preserved these points for our consideration on appeal. Appellees filed on the same day both a motion for judgment and a motion for judgment non obstante veredicto. They were not in the alternative. There is nothing in the record to indicate that the Court ever considered the motion for judgment non obstante veredicto. Such a motion not acted on by the Court preserves nothing for review, and furnishes no basis for a point of error. *Ladd v. Knowles,* 505 S.W.2d 662 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.); *Murphy v. Maroney,* 456 S.W.2d 787 (Tex.Civ.App.—Waco 1970, writ ref'd n. r. e.).

It is clear from the judgment that the trial Court rendered judgment based on the motions for judgment. It recites that the Plaintiff and Defendants duly filed motions for judgment; that after due notice came the parties by their attorneys of record urging their respective motions for judgment; that the Court requested that the attorneys file briefs thereon; and that thereafter, after reviewing the evidence in the case upon consideration of the motions for judgment, the Court was of the opinion that the Defendant-Appellees should prevail. Having filed a motion for judgment, Appellees are in no position to question the sufficiency of the evidence. "A motion for judgment on the verdict is an affirmation by the movant that the findings of the jury are supported by competent evidence. *Wilson v. Burleson* (Tex.Civ.App.—Waco, 1962, n. r. e.), 358 S.W.2d 751, 753." *Braswell v. Braswell,* 476 S.W.2d 444 (Tex.Civ.App.— Waco 1972, writ dism'd).

The judgment of the trial Court is reversed and judgment is here rendered that the Appellant recover of and from the Appellees her damages in the sum of $40,137.50, together with interest at the rate of six percent (6%) per annum from the date of injury, September 1, 1970.

OSBORN, J., not sitting.