Herman Benjamin COLEMAN et al., Appellants,

v.

Robert Michael DONAHO et al., Appellees.

No. 1519.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 23, 1977.

Rehearing Denied Dec. 21, 1977.

**862**

Paul W. Persons, Houston, for appellants.

John W. Turner, Miller, Gann & Perdue, David H. Burrow, Helm, Pletcher, Hogan & Burrow, Woody R. Denson, Houston, for appellees.

J. CURTISS BROWN, Chief Justice.

This is a suit for personal injuries sustained by the appellees in an automobile accident. The primary issue on appeal is whether, at the time of the accident, one of the appellants was acting in the course and scope of his employment with the other appellant.

The appellant Herman Benjamin Coleman (Coleman) was employed by the appellant Nottingham Homes, Inc. (Nottingham) during September 1972 as a job superintendent. Coleman worked at a Nottingham housing subdivision on September 2, 1972 until approximately 8:30 P.M. One hour later, as he was driving home from work, Coleman was involved in a head-on collision on Farm Road 149 with a car owned and operated by Roger Granger (Granger). Roger Granger, Linda Granger, Robert Michael Donaho (Donaho), Judy Lynn Donaho,

and Michael Eugene Donaho, all occupants of the Granger car and appellees herein, sustained severe personal injuries in the accident. Linda Granger died of her injuries fifteen days later.

The appellees sued Coleman and Nottingham, alleging that the appellees' personal injuries and the wrongful death of Linda Granger were proximately caused by Coleman's negligence. Trial was held on March 9, 1976. In response to special issues, the jury found that Coleman was engaged in the service of Nottingham and in furtherance of the latter's business at the time of the accident. The jury also found that Coleman was negligent in failing to keep his vehicle on the right side of the road, in failing to keep a proper lookout, in failing to control his speed, and in operating his vehicle while under the influence of alcohol. Each of those negligent acts or omissions was found to be a proximate cause of the accident. The jury also found that the appellee Granger was not guilty of contributory negligence. The district court rendered judgment in accordance with the verdict.

The appellants assert in their first point of error that the trial court erred in failing to grant an instructed verdict or judgment non obstante veredicto on the issue whether Coleman was acting in the course and scope of his employment with Nottingham at the time of the accident. The appellant Nottingham attacks the legal and factual sufficiency of the evidence to support the jury's affirmative finding to that special issue. At the time of the accident, Coleman was driving a pickup truck furnished by the president of Nottingham. Coleman was authorized to drive the truck only when he was engaged in Nottingham's business. The appellant Nottingham does not contend that Coleman's use of the truck at the time of the accident was unauthorized. Coleman was responsible, additionally, for the safekeeping and distribution of Nottingham's weekly payroll checks to subcontractors. On the day before the accident, Coleman received Nottingham's payroll checks and distributed several of those

checks. On the evening of the accident, Coleman was taking the remainder of the checks home with him for safekeeping for the rest of the weekend. All of the parties agree that in doing so Coleman was rendering a service to Nottingham. The totality of the circumstances in this case convinces us, therefore, that there was a fact issue as to whether Coleman was acting in the course and scope of his employment with Nottingham when the accident occurred. *See American General Insurance Co. v. Coleman,* 157 Tex. 377, 303 S.W.2d 370 (1957); *Liberty Mut. Ins. Co. v. Nelson,* 142 Tex. 370, 178 S.W.2d 514 (1944).

■ The appellant Nottingham contends in support of its first point, alternatively, that Coleman deviated from the course and scope of his employment by drinking on the job in violation of company rules. We reject this argument. Coleman's consumption of alcohol does not alter the fact that, at the time of the accident, Coleman was driving a company truck and performing a service for Nottingham. *G. & H. Equipment Co., Inc. v. Alexander,* 533 S.W.2d 872 (Tex. Civ.App.-Fort Worth 1976, no writ); *Sears, Roebuck & Company v. Jones,* 303 S.W.2d 432 (Tex.Civ.App.-Waco 1957, writ ref'd n. r. e.).

■ In their second, third, seventh and eighth points of error, the appellants complain of the admission of certain evidence by the trial court. The appellants contend that a highway patrolman should not have been allowed to testify as to self-serving statements made to him by the appellees Granger and Donaho at the accident scene. We agree with the appellants that the statements were hearsay. The trial court was endowed with discretion to admit the statements, nevertheless, under the res gestae exception to the hearsay rule. The appellants also assert that the trial court erred in allowing the appellees' expert medical witness to testify in response to hypothetical questions that Coleman was intoxicated at the time of the collision. The predicate for the hypothetical testimony in this case was properly established, and we find no error in the admission of the testi-mony. *See Burns v. Bridge Engineering Corporation,* 465 S.W.2d 427 (Tex.Civ.App.-Houston [14th Dist.] 1971, writ ref'd n. r. e.). The appellants complain, additionally, that no predicate was established for the admission of life expectancy table figures for Roger and Linda Granger. We find, however, that there was sufficient evidence of the Grangers' general health to support the trial court's discretionary decision to admit the life expectancy figures. The appellants assert, finally, that the trial court erred in admitting into evidence x-ray photographs of Granger because the photographs were not interpreted by a qualified expert upon their admission into evidence. The deposition testimony of Granger's treating physician, which was read into the record prior to the introduction of the photographs, was a sufficient expert interpretation of those photographs. The trial court did not err in admitting any of the aforementioned evidence.

■ In their fourth, fifth and ninth points of error, the appellants attack the legal and factual sufficiency of the evidence in support of the jury's findings on the issues of negligence, contributory negligence and damages. Conflicting evidence was presented on all of these issues, and the jury was free to believe the appellees' testimony. The evidence was sufficient to support the jury's findings on those issues.

■ The appellants complain in their sixth point of error that the trial court erred in excluding evidence that the appellee Granger's car contained, at the time of the accident, unopened liquor bottles and two paper or plastic cups with the word "Schlitz" printed on them, and evidence that the appellees were attempting to find a liquor store. This evidence is neither factually nor legally relevant to show that the appellees were intoxicated at the time of the accident. The court properly excluded the evidence.

■ In their tenth point of error, the appellants contend that the jury's verdict was the result of bias, prejudice and sympathy. Since we believe that there was suffi-

**864**

cient evidence to support the jury's findings, we cannot say that the jury was influenced by bias, prejudice or sympathy. *Bluebonnet Express, Inc. v. Foreman,* 431 S.W.2d 45 (Tex.Civ.App.-Houston [14th Dist.] 1968, no writ).

The appellants assert in their eleventh point of error that they entered into a settlement agreement with the Donahos, and that the trial court erred in not enforcing that agreement. The appellants allege that the Donahos' first amended original petition constituted an offer to settle their personal injury claims, and that the appellants' first amended original answer was an acceptance of the Donahos' offer. We disagree. The Donahos' first amended original petition does not manifest an intent to enter into a contractual agreement with the appellants. The Donahos clearly intended, rather, for their petition to initiate an adversary proceeding. That the appellants appreciated the adversary nature of the petition is apparent; paragraphs I through VI of the appellants' first amended original answer demanded strict proof of the Donahos' claims. Although we might have been faced with a different issue had the appellants confessed judgment in favor of the Donahos, the trial court correctly refused to enforce the so-called "contract of settlement."

In their final point of error, the appellants complain of the appointment of a guardian ad litem for the minor appellee Michael Eugene Donaho. Since the minor Donaho and his parents were all parties to the lawsuit, a conflict of interest could have arisen during the negotiation of a settlement or the prosecution of the suit. The trial court did not abuse its discretion in appointing the guardian ad litem and taxing his fee as costs against the appellants.

The appellants' points of error having been fully considered and overruled, the judgment of the trial court is hereby affirmed.

Affirmed.