ESTATE of Andrew LEE.

**Lucille LEE as sole surviving child of Andrew Lee, Appellant,**

v.

**CONTINENTAL TRAILWAYS, Appellee.**

No. 19399.

Court of Civil Appeals of Texas, Dallas.

March 8, 1978.

Rehearing Denied April 5, 1978.

Kim R. Thorne, Thorne, Thorne & Robertson, Grand Prairie, for appellant.

Charles B. Guy, Dallas, for appellee.

AKIN, Justice.

Appellant, Lucille Lee, as sole survivor of decedent Andrew Lee, instituted this wrongful death action against Continental Trailways for negligently ejecting Lee from a bus upon which he was a passenger. About an hour after he was ejected, Lee apparently was struck and killed by another vehicle near the same location. Continental Trailways asserted that Lee was ejected because he was creating a disturbance, thus causing the bus driver to fear for the safety of the other passengers. The bus company also alleged that Lee was contributorily negligent in walking upon

the roadway. Trial was to a jury which found that the bus driver negligently ejected Lee from the bus and that such action was a proximate cause of his death. The jury further found that Lee walked upon the highway and was struck by a vehicle, causing his death, and that such action was negligence and a proximate cause of his death. Additionally, it found that the bus driver was justified in ejecting Lee from the bus because he had caused a disturbance on the bus and had voided on the bus driver. Finally, the jury found the bus driver seventy-five percent negligent, Lee twenty-five percent negligent, and damages in the amount of $6,214.50. · The trial court disregarded the jury findings with respect to the negligence of the bus driver and rendered judgment non obstante veredicto for Continental Trailways, and plaintiff appeals. We hold that the trial court erred in disregarding the jury findings of negligence and proximate cause with respect to the bus driver because there was evidence to support the findings. We also hold that the issues with respect to the bus driver's justification for ejectment of Lee were not controlling issues, and hence should be disregarded. Since there is also evidence of contributory negligence, the jury's finding that his negligence contributed twenty-five percent to his death must stand. Accordingly, we reverse the judgment of the trial court and render judgment for plaintiff for $4,660.50 by reducing by twenty-five percent the total damages found by the jury because of Lee's contributory negligence.

■ Appellant first argues that the trial court erred in disregarding the jury's finding that the bus driver negligently ejected Lee from the bus, thus proximately causing his death. The bus company, on the other hand, contends that the bus company owed Lee no duty because of his conduct. We cannot agree with the bus company because a common carrier is required to exercise the highest duty of care for the safety of its passengers. *St. Louis Southwestern Ry. Co. v. Varnell,* 97 S.W.2d 320 (Tex.Civ.App.—Texarkana 1936, no writ). This duty is such that the common carrier must exercise a high degree of foresight as to possible dangers which it must guard the passengers against as a very cautious, prudent and competent man would do under the same or similar circumstances. *City of Dallas v. Jackson,* 450 S.W.2d 62, 63 (Tex. 1970). Although a bus driver may have a right to eject a passenger because a passenger causes a disturbance, nevertheless, he owes a duty to eject him at a safe place. *Texas Central Railroad Co. v. Rose,* 172 S.W. 756 (Tex.Civ.App.—Dallas 1915, writ ref'd); *Gulf C. & S. F. Ry. Co. v. Green,* 141 S.W. 341 (Tex.Civ.App.—Austin 1911, writ ref'd). Thus, if a driver ejects a passenger at an unsafe place, the carrier is liable for damages proximately resulting from the ejection.

■ The bus company argues that the issue of ejectment at an unsafe place was not included in the issue as to whether the driver was negligent in ejecting him. We do not agree. Although the controlling issue of whether the bus driver ejected Lee at an unsafe place was not pleaded, evidence on this controlling issue was admitted without objection. Furthermore, since no objection was leveled at the negligence issue as being overly broad, and not the controlling fact-issue, we hold that the issue of ejectment at an unsafe place was submitted and answered within the ambit of the broader issue of negligent ejectment. Texas Rules of Civil Procedure 277 specifically permits submission of broad general issues.

■ The bus company argues, however, that the trial court was correct in rendering judgment n. o. v. for it based upon the jury's findings that Lee voided on the driver and caused a disturbance on the bus, each of which justified the driver in ejecting him. Thus, it contends no duty was owed Lee by the bus company. We conclude that these issues are not controlling. Issues may be disregarded as immaterial where they are not grounds for rendering judgment for or against a party. *Perales v. Braslau's Furniture Co.,* 493 S.W.2d 638 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.); *Smith v. Chase,* 405 S.W.2d 450, 454 (Tex.Civ.App.—Dallas 1966, writ

ref'd n. r. e.). In the present case, although these issues may bear on the bus driver's right to eject Lee, they do not determine whether he was negligent in doing so at the particular time and place. As we have noted, supra, the right to eject a passenger does not grant the carrier the right to eject him at an unsafe place. Consequently, the answers to the issues do not support the judgment for the defendant.

We turn now to whether there is evidence to support the jury's finding that Lee was negligently ejected at an unsafe place and that such negligence proximately caused his death. The evidence showed that Lee, an elderly man, not in good physical condition, was ejected from the bus at 1:30 a. m. at an exit ramp on an interstate highway near a small town. No lights existed at the exit and as one witness testified, it was "pitch dark." The highway patrolman, who investigated Lee's death, in identifying photographs depicting the area where Lee's body was found, testified that there were no street lights at that location. Finally, there was a motel approximately 180 yards from the place where Lee was ejected. We conclude that this is evidence from which the jury could have found that the driver ejected Lee at an unsafe place. With respect to the proximate cause issue, there is testimony that Lee's body was found approximately one hour after he had been ejected, apparently having been struck by another vehicle. From this evidence, the jury could have concluded that the driver should have foreseen that Lee would have come to harm when he ejected him at that location at night. *Gulf C. & S. F. Ry. Co. v. Green,* 141 S.W. 341 (Tex.Civ.App.—Austin 1911, writ ref'd). Since there is evidence to support the jury's findings as to negligence and proximate cause, it was error for the trial court to disregard those answers and enter a judgment non obstante veredicto for the bus company. *Douglass v. Panama, Inc.,* 504 S.W.2d 776 (Tex.1974).

■ Appellant attacks the court's submission of the issues and the jury findings that Lee negligently walked upon the highway which proximately caused his death, on the ground that there was no evidence, and alternatively insufficient evidence, to support the submission of the issues, and the jury findings on these issues. We cannot agree. There is testimony that he was ejected on the side of the roadway rather then in one of the main traffic lanes. His injuries and the location of his body provides circumstantial evidence tending to show that Lee was probably on the roadway when struck. From this, the jury could reasonably conclude that Lee had walked on the highway where he was struck by a vehicle and that such act was negligence proximately causing his death. Accordingly, the trial judge was correct in submitting these issues to the jury. Since the jury found that this negligence on the part of Lee contributed twenty-five percent to his death, we must reduce the damages found by this percentage.

■ Appellant argues, however, that since the negligence of the bus driver set in motion the chain of events finally resulting in Lee's death, what Lee did thereafter was immaterial, citing *McAfee v. Travis Gas Corporation,* 137 Tex. 314, 153 S.W.2d 442, 447–8 (1941). In *McAfee,* the supreme court quoted with approval from the Restatement of the Law of Torts, Vol. II, p. 1184, § 439, the following: "If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of *a third person's* innocent, tortious or criminal *act* is also a substantial factor in bringing about the harm does not protect the actor from liability." [Emphasis added] Although this rule states the law, it is inapplicable here because this rule applies only where the subsequent act was an act by a third party; it does not apply where the act is committed by the injured party, as here.

Accordingly, we reverse the judgment of the trial court and render judgment for the plaintiff for $4,660.50.