Debra M. CLARK, Individually and as Next Friend of Keisha Deshawn Clark and Zachary Ray Clark, Appellants,

v.

Jack D. McFERRIN and Geraldine McFerrin, Appellees.

No. 13-87-340-CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 10, 1988.

Rehearing Denied Dec. 8, 1988.

James H. Bjorum, Cox, Dodson & Bjorum, Paul Dodson, Corpus Christi, for appellants.

Roberta J. Hegland, Savannah Robinson, Corpus Christi, for appellees.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is a personal injury case. A jury awarded damages to appellants-plaintiff's Debra Clark (the mother) and Keisha Clark (Debra's daughter). Appellant-plaintiff, Zachary Clark (Debra's son), did not receive a damage award. The trial court entered a judgment on the verdict in favor of appellees-defendants, Jack and Geraldine McFerrin (grandparents of Debra's children) that appellants, Debra and Keisha Clark, take nothing by their suit.

On November 7, 1983, appellants, Debra Clark and her two children, Zachary and Keisha, were at the home of Debra's parents, appellees, Jack and Geraldine McFerrin. Debra was painting the interior of their home. Upon finishing, she placed a coffee can filled with paint thinner on top of a deep freezer that was located on the porch. In order to open the freezer, Mrs. McFerrin, the grandmother, removed the coffee can and placed it on a rag on a table next to the freezer. Debra's thirteen month old child, Keisha, went onto the porch and pulled the coffee can off of the table. Mrs. McFerrin heard what she described as the sound of a spoon being dropped in the distance. She looked toward the porch and saw that the porch and her grandchild were on fire. Mrs. Clark testified that she was told that the can of thinner hit the floor, contacted the gas water heater, and ignited.

The jury found the grandmother, Geraldine McFerrin, was negligent but determined that her negligence was not a proximate cause of appellants' injuries.[1] The trial court entered a take-nothing judgment based on the jury's determination of no proximate case of the grandmother's negligence.

Appellees have filed a motion to dismiss this appeal, contending that appellants should have perfected their appeal from the date the trial court entered its original judgment rather than from a later date when the original judgment was reinstated.

The trial court's take-nothing judgment on the verdict in favor of appellees was entered on February 25, 1987. Appellants filed a motion for new trial on February 27, 1987, which was granted on April 2, 1987. Then, on April 10, 1987, appellees filed a motion to reinstate the trial court's judgment or, alternatively, to reconsider appellant's motion for new trial. On April 30, 1987, the trial court reinstated the original judgment without any change other than the date. On May 18, 1987, appellants filed a second motion for new trial and on June 26, 1987, this motion was denied. On July 9, 1987, appellants filed their cost bond on appeal.

■ An appeal is perfected by filing a cost bond, affidavit, or cash deposit within ninety days from the signing of a judgment when a motion for new trial is filed. Tex.

---

1. The jury had awarded Keisha $3000.00 for physical pain and suffering. They did not award her any sum for physical disfigurement and future pain and mental anguish. The jury awarded Debra Clark $2650.00 for past medical expenses in treating her children's injuries. They awarded her $2000.00 for Keisha's future medical expenses. They made no award for Debra Clark's past or future mental anguish and also made no award for Zachary's past mental anguish. Keisha's medical expenses amounted to approximately $2681.50.

R.App.P. 41(a)(1). If a judgment is corrected, modified, or reformed "in any respect," the time for appeal begins to run from the date the corrected judgment is signed. Tex.R.Civ.P. 329b(h). Moreover, a motion for new trial, filed before a corrected judgment is entered, extends the time for filing the appeal bond until ninety days after the date the corrected judgment is entered as long as the substance of the motion is such as could properly be raised with respect to the corrected judgment. *Miller v. Hernandez,* 708 S.W.2d 25, 26–27 (Tex.App.—Dallas 1986, no writ).

The judgment entered by the trial court on February 25, 1987, and the reinstated judgment are identical except for the date of entry on the latter judgment. After the original judgment had been signed, appellants timely filed a motion for new trial which was granted by the trial court. At this point, the appellants had no desire to appeal since the adverse judgment had been set aside. The trial court subsequently changed its mind again and reinstated its earlier judgment by entering an identical judgment except for the date.

While we are cognizant of the language in Rule 329b(h), we also pause to recognize the Supreme Court's original admonition in *Anderson v. Casebolt,* 493 S.W.2d 509 (Tex.1973) wherein our high court specifically condemned similar actions of the trial courts in attempting to enlarge the period for perfecting an appeal by signing a subsequent judgment. The Supreme Court said then that where two judgments were identical except for the date of entry, the second judgment could serve no purpose other than to enlarge the time for appeal.

In *Check v. Mitchell,* 758 S.W.2d 755 (1988), the Supreme Court laid this question to rest with its interpretation of rule 329b(h). The Court stated: "We hold that any change, whether or not material or substantial, made in a judgment while the trial court retains plenary power, operates to delay the commencement of the appellate timetable until the date the modified, corrected or reformed judgment is signed."

■ We therefore hold that the change in the date of entry of the reinstated judgment does qualify as a modification, correction, and/or reformation of the judgment to start anew the timetable for appellate review. Appellee's motion to dismiss the appeal for lack of jurisdiction is overruled.

Appellant's, Debra, Keisha, and Zachary Clark's, points of error raise both "no evidence" points and "insufficient evidence" points. In considering these points of error, we will follow the well established test set forth in *Calvert, No Evidence and Insufficient Evidence Points of Error,* 38 Texas L.Rev. 361 (1960).

By their first point of error, appellants, Debra, Keisha, and Zachary Clark, argue that the trial court erred in submitting special issue four because Debra Clark's lack of knowledge of any dangerous condition was established as a matter of law and there was no evidence to support the jury's finding.

■ This case involves a premises liability cause of action. In order for appellants, Debra, Keisha, and Zachary Clark, to recover damages from appellees, Jack and Geraldine McFerrin, it was incumbent for them to prove: (1) that appellees, Jack and Geraldine McFerrin, had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to appellants, Debra, Keisha, and Zachary Clark; (3) that appellees, Jack and Geraldine McFerrin, did not exercise reasonable care to reduce or eliminate the risk; and (4) that appellees, Jack and Geraldine McFerrin's, failure to exercise this care proximately caused appellants, Debra, Keisha, and Zachary Clark's, injuries. *Tanner v. BDK Productions Co., Inc.,* 671 S.W.2d 941, 943 (Tex. App.—Corpus Christi 1984, no writ).

Special issue number four asked the jury whether Debra Clark had actual knowledge of the dangerous condition. The jury answered "yes" to this issue.

■ An ultimate fact is one that is essential to the right of action or matter of defense, and the trial court has the duty of submitting only ultimate or controlling issues. *Cotter v. Moore,* 634 S.W.2d 332, 336 (Tex.App.—Corpus Christi 1982, writ

ref'd n.r.e.); *Bounds v. Caudle*, 611 S.W.2d 685, 687 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.); *Lopez v. Hernandez*, 595 S.W.2d 180, 182 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Neuhaus v. Kain*, 557 S.W.2d 125, 135 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *Perales v. Braslau's Furniture Co.*, 493 S.W.2d 638, 640 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). Issues that are not ultimate or controlling are characterized as evidentiary issues and do not have to be submitted to the jury; or, if submitted, may be disregarded as immaterial. *Estate of Lee v. Continental Trailways*, 564 S.W.2d 392, 394 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.); *Neuhaus*, 557 S.W.2d at 135; *Skeen v. State*, 550 S.W.2d 713, 715 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.); *Fidelity & Casualty Co. of New York v. Jefferies*, 545 S.W.2d 881, 886 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.); *Perales*, 493 S.W.2d at 640.

■ Special issue number four does not inquire of an ultimate fact issue which would have impeded appellants, Debra, Keisha, and Zachary Clark's, cause of action. This issue is evidentiary and may be disregarded as immaterial. *See Perales*, 493 S.W.2d at 640. We hold that the submission of special issue four did not amount to such a denial of appellants', Debra, Keisha, and Zachary Clark's, rights as was reasonably calculated to cause the rendition of an improper judgment in the case. Tex.R.App.P. 81(b)(1). The first point of error is overruled.

■ By their third point of error, appellants, Debra, Keisha, and Zachary Clark, argue that the trial court erred in denying their motion for judgment and motions for new trial because there was no evidence or insufficient evidence to support the jury's finding that Debra Clark had actual knowledge of the dangerous condition.

Appellant, Debra Clark, testified that she grew up in appellees', Jack and Geraldine McFerrin's, home and was familiar with the porch. She stated that she originally placed the coffee can full of paint thinner in the porch on top of the freezer. The jury could have logically determined that she had actual knowledge of a potentially dangerous condition by placing a flammable liquid in a location where its removal would be necessary in order for someone to open the freezer. We hold that the evidence was sufficient to substantiate the jury's finding that Debra Clark had actual knowledge of the dangerous condition. The third point of error is overruled.

■ By their second point of error, appellants, Debra, Keisha, and Zachary Clark, argue that the trial court erred in submitting special issues seven and nine because proximate cause was proven as a matter of law.

Special issue number seven refers to whether appellee's, Geraldine McFerrin's, failure to warn appellants, Debra, Keisha, and Zachary Clark, of the dangerous conditions and to make the condition safe was a proximate cause of the occurrence in question. The jury answered "no" to this question. Special issue number nine asked the jury whether appellee's, Geraldine McFerrin's, negligence was a proximate cause of the occurrence made a basis of this suit. The jury also answered "no" to this question.

At trial, appellants, Debra, Keisha, and Zachary Clark, had the burden of proving that appellees, Jack and Geraldine McFerrin, owed them a legal duty that was breached, proximately causing the injuries. *Tanner*, 671 S.W.2d at 944.

In all jury cases, the trial court shall, whenever feasible, submit the case to the jury upon broad-form questions. Tex.R.Civ.P. 277. This Court has interpreted Rule 277 to require the trial court to submit special issues that control the disposition of the case and that are raised by the pleadings and the evidence. In this respect, the trial court is permitted broad discretion in the submission of these special issues. The exercise of discretion by a trial court should not be overturned unless there is a clear showing of abuse. *Baker Marine Corp. v. Moseley*, 645 S.W.2d 486, 489 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

After considering all of the evidence, we conclude that these two issues control the disposition of the case and are raised by the pleadings and the evidence. We find no abuse of discretion by the trial court in submitting these issues. The second point of error is overruled.

■ In their fourth point of error, appellants, Debra, Keisha, and Zachary Clark, argue that the trial court erred in denying their motion for judgment and motions for new trial because the proximate causation inquired of in special issues seven and nine was shown as a matter of law, and the jury's negative answers to those special issues were against the great weight and preponderance of the evidence.

Appellee, Geraldine McFerrin, testified that her negligence was the proximate cause of appellants', Debra, Keisha, and Zachary Clark's, injuries. She also said that she removed the coffee can full of thinner from the freezer and placed it on a rag on a table next to the freezer. She said the rag was in appellant's, Keisha Clark's, view. However, her testimony was not unequivocal. She also testified that she could not have foreseen what might happen. Moreover, it was within the exclusive province of the jury to judge her credibility and to determine the weight to be given her testimony. *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547, 549 (Tex. 1962); *Landacre v. Armstrong Building Maintenance Co.*, 725 S.W.2d 323, 325 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Equitable Trust Co. v. Roland*, 721 S.W.2d 530, 533 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Rio Fresh, Inc. v. Consolidated Produce Brokers*, 710 S.W. 2d 174, 175 (Tex.App.—Corpus Christi 1986, no writ); *Tenngasco Gas Gathering Co. v. Fischer*, 624 S.W.2d 301, 305 (Tex. App.—Corpus Christi 1981, writ ref'd n.r. e.).

After considering all of the evidence, we conclude that the jury's findings are not so against the great weight and preponderance to be manifestly unjust. Therefore, we hold that appellants, Debra, Keisha, and Zachary Clark, failed to prove that appellee's Geraldine McFerrin's, negligence, failure to warn, and failure to make the condition reasonably safe, were proximate causes of their alleged injuries as a matter of law. The fourth point of error is overruled.

■ By their fifth point of error, appellants, Debra, Keisha, and Zachary Clark, argue that the trial court erred in submitting special issues one, two, and three because the invitee/licensee distinction is not relevant in suits involving premises liability.

Special issues one, two, and three ask the jury whether Debra Clark and her two children, Keisha and Zachary Clark, were licensees or invitees at the time of the occurrence in question. The jury found them to be licensees. The Supreme Court of Texas has long recognized a distinction between licensees and invitees in suits involving premises liability. In *Rosas v. Buddies Food Store*, 518 S.W.2d 534 (Tex. 1975), the Court stated that the duties owed by a landowner regarding a person injured on his premises depends upon the *role* of the person injured. *Rosas*, 518 S.W.2d at 536. The instant case involves a suit by persons allegedly injured on the premises of another. Therefore, appellants, Debra, Keisha, and Zachary Clark's, role at the time of the incident would be important in determining the duties owed to them by the appellees, Jack and Geraldine McFerrin. We conclude that the trial court did not abuse its discretion in submitting these issues to the jury. The fifth point of error is overruled.

■ By their sixth point of error, appellants, Debra, Keisha, and Zachary Clark, argue that the trial court erred in refusing to permit them to question appellee, Geraldine McFerrin, regarding their damages because her testimony would have been admissible and the failure to admit her testimony probably resulted in an improper verdict.

On a bill of exceptions, appellee, Geraldine McFerrin, was asked to give her opinion concerning how much compensation appellants, Debra, Keisha, and Zachary Clark, should receive from herself for their inju-

ries. She stated that around $80,000.00 would be enough to compensate them. She stated that her opinion was based upon "what all of them have been through" and "their fright and their injuries from the fire."

Tex.R.Civ.Evid. 701 states in pertinent part that the opinions of a lay witness are limited to those which are rationally based on the perception of the witness and are helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. Appellee's Geraldine McFerrin's, opinion is not reasonably or rationally based on her perception concerning the amount of money necessary to fairly and adequately compensate appellants, Debra, Keisha, and Zachary Clark, for their alleged injuries. Her opinion is speculative and appears to be at least partially based on physical pain and suffering allegedly experienced by appellants, Debra, Keisha, and Zachary Clark. Matters of pain and suffering are necessarily speculative, and it is peculiarly within the province of the jury to determine these matters and set the amount of damages. *Rodriquez v. Kvasnicka*, 710 S.W.2d 724, 727 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.).

By their seventh point of error, appellants, Debra, Keisha, and Zachary Clark, argue that the trial court erred in denying their motions for new trial because the amount of damages found in special issues fourteen, fifteen, and sixteen was inadequate.

■ A jury which has heard expert and lay testimony concerning damages may choose to be guided by this evidence but is not bound by it. *Keller Industries, Inc. v. Reeves*, 656 S.W.2d 221, 227 (Tex.App.—Austin 1983, writ ref'd n.r.e.). In fact, it is settled law that the jury may reject all or any part of the evidence concerning the alleged injuries, and the jury may determine the credibility of any and all of the witnesses and the weight to be given their testimony. *Hulsey v. Drake*, 457 S.W.2d 453, 460 (Tex.Civ.App.—Austin 1970, writ ref'd n.r.e.).

■ After a careful review of all the evidence, we hold that the jury's award was not inadequate or against the great weight and preponderance of all of the evidence so as to be manifestly unjust. The seventh point of error is overruled.

■ By their final point of error, appellants, Debra, Keisha, and Zachary Clark, argue that the trial court erred in taxing the guardian ad litem fee to them and in appointing the guardian ad litem for Keisha and Zachary because no conflict of interest existed between them and their mother, Debra.

Tex.R.Civ.P. 173 states in pertinent part that when a minor is a party to a suit and is represented by a next friend who appears to the trial court to have an interest adverse to the minor, the trial court shall appoint a guardian ad litem for the minor and shall allow the guardian a reasonable fee for his services to be taxed as part of the costs. Our rules also provide that the successful party to a suit shall recover from his adversary all costs incurred therein. Tex.R.Civ.P. 131. Here, appellees, Jack and Geraldine McFerrin, represented to the court that appellants, Keisha and Zachary Clark, who are minors, had claims separate and distinct from their mother, their next friend. They also represented that a guardian ad litem was needed to appraise settlement offers made to the children and to evaluate the children's claims prior to trial. Since Keisha and Zachary Clark and their mother, Debra, were parties in the same lawsuit, a conflict in interest could have arisen during settlement negotiations or the prosecution of the suit. In this situation, a trial court does not abuse its discretion in appointing a guardian ad litem. *Coleman v. Donaho*, 559 S.W.2d 860, 864 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd.)

■ Furthermore, appellees, Jack and Geraldine McFerrin, were the successful parties and had a right to recover the costs. While the costs could have been apportioned otherwise, the assessment of costs is within the sound discretion of the trial court. *Hill v. Robinson*, 592 S.W.2d 376, 385 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Coleman*, 559 S.W.2d at 864. We

fail to see how it could be said that the action of the trial court in adjudging the guardian ad litem fee against appellants, Debra, Keisha, and Zachary Clark, amounts to an abuse of discretion. The final point of error is overruled.

The judgment of the trial court is AF-FIRMED.