**W. J. ANDERSON et al., Petitioners,**

v.

**A. R. CASEBOLT, Respondent.**

**No. B–3643.**

Supreme Court of Texas.

Jan. 17, 1973.

**510**

Elton M. Hyder, Fort Worth, for petitioners.

Cantey, Hanger, Gooch, Cravens & Munn, Robert S. Travis, Fort Worth, for respondent.

PER CURIAM.

Anderson and another sued Casebolt to recover either the contract price or the fair market value of a boat house built by Anderson upon the property of Casebolt. The trial court rendered judgment for defendant Casebolt and the court of civil appeals affirmed. 484 S.W.2d 462. We conclude that the court of civil appeals was without jurisdiction to entertain the appeal because the cash deposit in lieu of a cost bond was not made within the thirty-day period required by Rule 356.[1]

The judgment in this case was first signed by the trial judge on August 18, 1971. For purposes of timing the appellate steps, the judgment is deemed rendered that day. Rule 306a. The trial judge then attempted to set that judgment aside and render the same judgment a second time on September 20, 1971. Plaintiffs filed an original motion for new trial on September 30 and an amended motion for new trial on October 20. The trial court entered an order on December 8 purporting to overrule the amended motion for new trial, and a cash deposit in lieu of a cost bond was made on December 30, 1971.

As we pointed out in A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853 (1952), the trial court may not make an order that simply affirms a former judgment and thereby enlarge the period for perfecting an appeal. See also Brown v. Vander Stucken, 435 S.W. 2d 609 (Tex.Civ.App.—San Antonio 1968, no writ); Chantre v. National Maritime Union P. & W. Plan, 425 S.W.2d 659 (Tex. Civ.App.—Beaumont 1968, no writ); Fireman's Fund Insurance Company v. Martinez, 387 S.W.2d 443 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.); Bellmead State Bank v. Campbell, 386 S.W.2d 205 (Tex.Civ.App.—Waco 1964, no writ). *Cf.* City of West Lake Hills v. State ex rel. City of Austin, 466 S.W.2d 722 (Tex.1971). The two judgments in this case are identical except for the date of entry, and the second judgment could serve no purpose other than to enlarge the time for appeal. This conclusion is supported by the trial judge's recital in the order of September 20:

> "WHEREAS, . . . counsel for plaintiff did not discover such entry [of August 18] until too late to file a motion for new trial . . . ."

1. All references are to the Texas Rules of Civil Procedure.

The signing of the second judgment on September 20 did not extend the time for perfecting the appeal, and it was necessary for the cost bond or deposit in lieu thereof to be filed within thirty days after the original judgment was rendered on August 18. The deposit on December 30 was too late, and the court of civil appeals did not acquire jurisdiction of the appeal.

Under the provisions of Rule 483, the judgment of the court of civil appeals is reversed and the appeal is dismissed. See McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957).