**Stephanie S. MACKIE, Charles W. Settle, Jr., and Katherine S. Nelson, Petitioners,**

v.

**William A. McKENZIE, Jay M. Wallace, and McKenzie & Baer, Respondents.**

No. 94–0473.

Supreme Court of Texas.

Nov. 3, 1994.

Rehearing Overruled Feb. 16, 1995.

Bennett J. Roberts, III, Houston, for petitioners.

Charles T. Frazier, Jr., Andrea M. Kuntzman, Dallas, for respondents.

PER CURIAM.

Stephanie S. Mackie, Charles W. Settle, Jr. and Katherine S. Nelson[1] appeal from a dismissal for want of jurisdiction ordered by the court of appeals, 872 S.W.2d 11. We reverse that judgment and remand to that court for consideration of the merits of the appeal.

Mackie sued William A. McKenzie, Jay M. Wallace and McKenzie and Baer,[2] alleging negligence and deceptive trade practices arising out of McKenzie's legal representation of Mackie. On January 8, 1993, the trial court signed an order granting an interlocutory summary judgment in favor of McKenzie. The summary judgment order did not discuss or dispose of a counterclaim filed by McKenzie. McKenzie moved to sever the counterclaim, but after the trial court overruled the severance motion, McKenzie deter-

1. The plaintiffs collectively will be referred to as Mackie.

2. The defendants collectively will be referred to as McKenzie.

mined that he no longer wished to pursue the counterclaims and filed a motion for nonsuit.

An order nonsuiting McKenzie's counterclaim was signed on June 1, 1993. At the request of Mackie's counsel, the trial court, on June 25, 1993, signed a "Final Judgment" that stated:

> On the 25th of June, 1993, this Court, having granted Defendants' Motion for Summary Judgment on or about January 8, 1993 and subsequently dismissing Defendants' counterclaim without prejudice on or about June 1, 1993, finds that said Summary Judgment is final.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Summary Judgment granted in favor of Defendants on January 8, 1993 is hereby made final.
>
> All relief not expressly granted herein is DENIED.

Mackie filed an appeal that was dismissed for want of jurisdiction. The court of appeals held that the appellate timetable began to run when the order of nonsuit was signed—not when the final judgment was signed—and therefore, Mackie's cost bond was not timely filed. Mackie here argues that the issuance of the final judgment was a correction or modification of an earlier judgment, and the commencement of the appellate timetable was delayed until the date of the final judgment.

In *Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex.1973), this Court held that a new judgment filed after a final judgment and serving "no purpose other than to enlarge the time for appeal" is without effect. *Anderson* involved two judgments that were "identical except for the date of entry" and the court issued the latter order because the "counsel for plaintiff did not discover such entry until too late to file a motion for new trial...." *Id.*

At the time *Anderson* was decided, the Texas Rules of Civil Procedure did not contain a provision specifying the effect of a modified judgment on the commencement of the appellate timetable. After *Anderson* was decided, this Court added subsection (h) to Tex.R.Civ.P. 329b, which provides:

> If a judgment is modified, corrected or reformed in any respect, the time for appeal shall run from the time the modified, corrected or reformed judgment is signed....

After this amendment, we decided *Check v. Mitchell*, 758 S.W.2d 755 (Tex.1988). In *Check* the new judgment varied from the original judgment "in that, among other things, the docket number was changed to the new number assigned in the severance order, it reflected that a severance had been ordered and language was added to the effect that all writs and processes might issue and that all relief not expressly granted was denied." *Id.* at 756. In *Check* we held that "any change, whether or not material or substantial, made in a judgment while the trial court retains plenary power, operates to delay the commencement of the appellate timetable until the date the modified, corrected or reformed judgment is signed." After *Check*, *Anderson* is limited to cases in which the face of the record reveals that the trial court entered the new order for the sole purpose of extending the appellate timetable.

In this case, the latter order stated that the interlocutory summary judgment and nonsuit order were final and added "Mother Hubbard" language. The trial judge issued the latter order while he still had plenary power over the case and there is no indication that the trial judge issued the order solely for the purpose of extending the appellate timetable.

Under these circumstances, the court of appeals erred when it failed to measure the appellate timetable from the date of the latter order. Accordingly, without hearing oral argument, a majority of this Court reverses the judgment of the court of appeals and remands to that court for further proceedings consistent with this decision.