Agnes Su–Chian WANG, Jackson Wang
and Jason Wang, Appellants,

v.

Jackson HSU and Shzao
Jing Hsu, Appellees.

Nos. 14–94–00126–CV, 14–94–00129–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 18, 1995.

Rehearing Overruled June 15, 1995.

Andy Taylor, Houston, for appellants.

Jeffrey W. Gillespie, Houston, for appellees.

Before YATES, FOWLER and MORSE,* JJ.

## OPINION

FOWLER, Justice.

In this civil assault and battery case, we must determine whether setting aside a judgment revives an earlier identical judgment signed in the same case. We determine it does not, and dismiss the appeal for want of jurisdiction because the record contains no final judgment.

Briefly, the parties in this case are two families which have adjacent sidewalk stores outside a Fiesta grocery store. Jason Wang is the father of Agnes Wang and Jackson Wang. Jackson Hsu and Shzao Hsu are married. On May 26, 1990, there was an altercation between the families, which resulted in each family filing suit against the other for civil assault. The suits were consolidated for trial and appeal.

The record in this case shows that the trial court signed two identical judgments on different dates, and then set aside the later judgment. Thus, this Court must determine whether there is a final judgment, and whether we have jurisdiction over the appeal.

The following timeline demonstrates the sequence of events for the various actions of the trial court and the parties:

**October 14, 1993**—The trial court signs the first Judgment.

**November 10, 1993**—The trial court signs a second Judgment, identical to the 10/14 judgment, except for the signing date.

* The Honorable Robert E. Morse, Jr. sitting by assignment.

November 15, 1993—Appellants file a Motion for New Trial, which refers to the 10/14 judgment.

November 17, 1993—The trial court makes a notation on the 11/10 judgment that it is "set aside," *but does not mention the 10/14 judgment.*

January 19, 1994—The trial court holds a hearing on the Motion for New Trial, but decides at the hearing that the motion *already* has been overruled by operation of law. (This conclusion apparently stems from her belief that the 10/14 judgment is in effect.)

February 8, 1994—Appellants file Cash Deposit in Lieu of Cost Bond in the 14th Court of Appeals.[1]

The first issue we need to address is what effect the trial court's signing a second, identical judgment had on the first judgment.

■ There can be only one final appealable order. TEX.R.CIV.P. 301; *Ferguson v. Naylor,* 860 S.W.2d 123, 127 (Tex.App.—Amarillo 1993, writ denied). If a judgment is modified, corrected, or reformed *in any respect,* the time for appeal runs from the correction date. *Check v. Mitchell,* 758 S.W.2d 755, 757 (Tex.1988) (emphasis in original); TEX.R.CIV.P. 329b(h). A second judgment becomes "the judgment" in a case; it is as if the first judgment was never entered. *Uvere v. Canales,* 825 S.W.2d 741, 744 (Tex. App.—Dallas 1992, no writ). Even when a subsequent judgment differs from the original judgment only by the signature date, the subsequent judgment vacates the former judgment. *Owens–Corning Fiberglas Corp. v. Wasiak,* 883 S.W.2d 402, 411 (Tex.App.—Austin 1994, no writ); *Clark v. McFerrin,* 760 S.W.2d 822, 825 (Tex.App.—Corpus Christi 1988, writ denied). The only exception to this rule occurs when the face of the record reveals that the trial judge signed a second judgment *for the sole purpose of extending the appellate timetables. Mackie v. McKenzie,* 890 S.W.2d 807, 808 (Tex.1994) (emphasis added) (limiting the holding of

*Anderson v. Casebolt,* 493 S.W.2d 509, 510 (Tex.1973), in which the trial judge said in the order itself that he was signing the second judgment solely to extend the time for the plaintiff to perfect his appeal).

■ Here, we do not know why the trial court entered the second judgment. No evidence exists on the issue. Because the face of the record does not show that the judgment was signed for the sole purpose of extending the appellate timetables, the signing of the 11/10 judgment vacated the 10/14 judgment.[2] *See Mackie,* 890 S.W.2d at 808. We still must address, however, the consequence of the trial court's "setting aside" the 11/10 judgment. Did her action somehow "revive" the 10/14 judgment?

Appellees argue that when the trial court set aside the 11/10 judgment, the 10/14 judgment was revived, and the appellate timetables ran from 10/14. Following this reasoning, appellees contend that the appeal should be dismissed for want of jurisdiction because appellants filed their cost bond more than ninety days after the 10/14 judgment was signed. *See* TEX.R.APP.P. 41(a)(1). We disagree.

■ The trial court has plenary power to grant a new trial, or vacate, modify, correct, or reform a judgment any time before the judgment becomes final. TEX.R.CIV.P. 329b(d), (e); *Fruehauf Corp. v. Carrillo,* 848 S.W.2d 83, 84 (Tex.1993); *Mathes v. Kelton,* 569 S.W.2d 876, 878 (Tex.1978). The plenary power to "vacate" includes setting aside a judgment. *Ferguson,* 860 S.W.2d at 127. When a judgment has been set aside, it is as if there was no judgment. *Id.* Once the second judgment is signed, the first judgment is "dead," and is not a final judgment from which an appeal can be taken. *Id.; State v. $2,000,000.00,* 822 S.W.2d 721, 725 (Tex.App.—Houston [1st Dist.] 1991, no writ).

■ Although there are no Texas cases directly addressing the issue of whether set-

---

**1.** We note that this is a timely appeal from the 11/10 judgment under TEX.R.APP.P. 41.

**2.** Appellees argue that the second judgment was signed "by accident" and was therefore a simple

clerical error correctable by a judgment nunc pro tunc. *See* TEX.R.CIV.P. 316. The record contains no support for appellees' position. Thus, Rule 316 does not apply in this case.

ting aside a second judgment revives an earlier judgment, we have used as a guide those cases holding that a judgment may be modified only by a written order.

> During the time in which a court may vacate, set aside, modify or amend its previous order, such action must, to be effective, be by *written order that is express and specific.*

*McCormack v. Guillot,* 597 S.W.2d 345, 346 (Tex.1980) (emphasis added) (quoting *Poston Feed Mill Co. v. Leyva,* 438 S.W.2d 366, 368 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ dism'd w.o.j.)). *See also Faulkner v. Culver,* 851 S.W.2d 187, 188 (Tex.1993) (stating an order modifying, correcting, or reforming a judgment must be written and signed); *Ex parte Olivares,* 662 S.W.2d 594, 595 (Tex.1983) (stating that a judgment dismissing a cause of action can only be set aside by a written order specifically and expressly reinstating the case). In short, any change made to a judgment must be done in writing, as when the judge in this case wrote by hand on the 11/10 judgment that she had "set aside" the judgment.

If the law requires that any change to a judgment be made in writing, it stands to reason that a reinstatement or "reviving" of a vacated judgment also must be in writing. This requirement makes abundant sense. Litigants should not be made to guess what action a trial judge has taken concerning an order, or guess when their appellate timetable begins to run. If the action is in writing, no guesswork is involved. The law can be obtuse enough as it is; there is no need to add to a litigant's concerns by adopting a rule that would only cause more confusion. Therefore, we hold that the order setting aside the 11/10 judgment did not reinstate the 10/14 judgment because it did not contain written language reinstating the 10/14 judgment.[3]

In conclusion, by signing the 11/10 judgment, the trial court vacated the 10/14 judgment. When she then set aside the 11/10

judgment, it also was "dead." Finally, the 10/14 judgment was not revived because there was no written order reviving it.

As a consequence, we have before us a case bereft of a final judgment. We therefore dismiss the appeal for want of jurisdiction.

---

**3.** Even if the trial court had reinstated the first judgment with an express and specific written order, the appellate timetables would have run from the date of the *second* order, and would not have reverted to the date of the original judgment. *See Canavati v. Shipman,* 610 S.W.2d 200, 202–203 (Tex.Civ.App.—San Antonio 1980, no writ) (quoting *Imperial Ins. Co. v. Ellington,* 498 S.W.2d 368, 370 (Tex.Civ.App.—San Antonio 1973, no writ)); *Mesa Agro v. R.C. Dove & Sons,* 584 S.W.2d 506, 508 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.).