Opinion issued
April 28, 2011

 



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NOS.  01-09-00516-CV

           01-10-00845-CV

———————————

Annette E. Pletcher and Gregory D. Bennett, Appellants

V.

Michelle M. Hansen,
as executor for the estate of Ted M. Bennett, Appellee



 



 

On Appeal from the County
Court at Law No. 1

Fort Bend County, Texas



Trial
Court Case No. 07CPR020872

 



 

MEMORANDUM OPINION

          Annette
Pletcher and Gregory D. Bennett appeal a final summary judgment rendered
against them in their suit against Michelle M. Hansen.  Hansen is the executor of an estate of which
Pletcher and Bennett are beneficiaries. 
They sued Hansen for breach of fiduciary duty, fraud, and conversion.  Hansen counterclaimed, asserting, among other
claims, that the suit violated the no-contest provision of the will and seeking
to disinherit Pletcher and Bennett.  On
cross-motions for summary judgment, the trial court rendered judgment that
Pletcher and Bennett take nothing on their claims and that the suit violated
the no-contest provision of the will.  In
an appeal filed in 2009, Pletcher and Bennett assert that the trial court erred
because their suit did not violate the will’s no-contest provision and a fact
issue exists on their claims.  Hansen
filed a motion to dismiss asserting Pletcher and Bennett’s notice of appeal was
not timely filed and therefore this Court lacks jurisdiction.  The trial court then entered a judgment nunc
pro tunc for the purpose of enabling Pletcher and Bennett to appeal the trial
court’s summary judgment.  Hansen
appealed that judgment.  We conclude that
this Court lacks jurisdiction over the 2009 appeal and therefore dismiss that
appeal.  We further conclude that the
trial court erred in entering the judgment nunc pro tunc and vacate that
judgment, leaving intact the trial court’s original judgment.

Procedural Background

          When Ted M. Bennett died and his will was
probated, his daughter Michelle M. Hansen became executor of the estate.  Pletcher, another daughter, and Bennett, a grandson,
were also beneficiaries under the will. 
Dissatisfied with the way Hansen handled the estate, Pletcher and
Bennett sued her for breach of fiduciary duty, fraud, and conversion.  Hansen answered, asserting various
affirmative defenses and counterclaims. 
Both sides filed motions for summary judgment.  An oral hearing was conducted on March 27,
2009, according to the timeline recited in Pletcher and Bennett’s motion for
new trial and appellate brief.  The trial
court granted Hansen’s summary judgment on her claim that Pletcher and
Bennett’s suit violated the will’s no-contest provision and granted Pletcher
and Bennett’s summary judgment on Hansen’s claims for intentional infliction of
emotional distress.  The trial court denied
the remainder of Pletcher and Bennett’s motion. 
The trial court’s judgment specifically states that, as a result of the no-contest
provision of the will, Pletcher and Bennett are disinherited and orders them to
repay distributions made to them by the estate. 

          The judgment is nine pages long.  It was hand-delivered to the trial judge on
March 27, after the hearing on the summary judgment earlier in the day, with a
cover letter from Hansen’s counsel.  The
letter states that attached is a revised final judgment that the trial court
asked be delivered that day.  On the
first page under the caption, the judgment begins, “On this, the _____ day of
March 2009, Defendant’s Motion for Summary Judgment, as well as Plaintiffs’
Motion for Summary Judgment, in the above-captioned case, and both Motions were
heard before this Court.”  The blank is
filled in with the numeral “27.” 
According to the trial court judge, he wrote “27” in the blank on that
date, which was a Friday.  The end of
that first paragraph states, “[T]he Court holds as follows and issues the
following judgment: . . . .”  The next seven
pages detail the trial court’s findings and rulings.  At the bottom of page eight, the judgment
states, “This is a final judgment disposing of all parties’ claims, pending any
appeal that may be brought.”  This is
followed by a line under which “JUDGE PRESIDING” is typed.  The trial court judge signed on the line. The
judgment does not have a separate blank or space for the judge to indicate the
date of signing on the judgment; the only blank was the date for the hearing.  On the ninth page, Hansen’s attorney signed,
indicating the judgment was approved “as to form only,” but Pletcher and
Bennett’s attorney did not.  The ninth
page also bears a file stamp from the county clerk indicating the judgment was
“FILED FOR RECORD” on March 30, 2009, which was a Monday.

          The clerk sent notice to the parties
on April 3, 2009, stating that “On the 30th day of March, 2009, in the
County Court at Law 1, Fort Bend County, Texas,

a(n) Agreed Final Judgment was rendered.”         Pletcher
and Bennett filed a motion for new trial on April 29, 2009, 33 days after March
27 and 30 days after March 30.  The trial
court overruled the motion for new trial on June 1, and Pletcher and Bennett
filed their notice of appeal on June 2, 2009. 
This appeal was assigned cause number 01-09-00516-CV in this Court (the
“2009 appeal”).

          Initially,
both sides treated March 30 as the date of the signing of the judgment.  For example, Hansen, in her response to the
motion for new trial, stated the trial court ruled from the bench on March 27,
2009 and “memorialized” the court’s ruling by entering judgment on March
30.  Similarly, in her designation of
items to be included in the clerk’s record, Hansen identified “The Court’s Final
Judgment dated March 30, 2009.”  

          Hansen later
changed her position.  Over one year
later, on April 8, 2010, Hansen filed a motion to dismiss in this Court,
asserting for the first time that the final judgment was signed on March 27,
2009.  As proof, Hansen relied on the
judge’s writing of “27” in the blank on the first page of the judgment and the
county clerk’s table of contents in the clerk’s record for this appeal which
contains an entry for “Agreed Final Judgment (Signed March 27, 2009).”  Pletcher and Bennett responded that, rather
than the date the trial court indicated it heard the motions for summary
judgment or the date the trial court clerk included in a table of contents, the
best evidence of the date of the signature is the file stamp indicating the
judgment was filed with the clerk on March 30.

          Since then,
the parties have been maneuvering in attempts to support their respective
positions.  Over a year after the summary
judgment hearing, the trial court signed a certification pursuant to Rule 306a(2)
indicating that it had signed the judgment on March 27, 2009.  The trial court judge signed the
certification at Hansen’s request after a hearing with counsel for both
sides.  Hansen then filed in this Court
an amended motion to dismiss.  In the
motion, Hansen asserted that the trial court’s certification of the March 27,
2009 signing date conclusively established that Pletcher and Bennett’s notice
of appeal was untimely and this Court therefore lacks jurisdiction.  Hansen further asserted that, because
Pletcher and Bennett did not join in the motion to dismiss based on the trial
court’s certification, she was entitled to sanctions for attorney’s fees because,
after the certification, “it should have been apparent to any licensed attorney
that this appeal must be dismissed for want of jurisdiction.”  

          In response, Pletcher and Bennett filed
in the trial court a “Motion for Judgment Nunc Pro Tunc and Verified Motion to
Extend Post Judgment Deadlines.”  In the
motion, they asked the trial court to sign a judgment nunc pro tunc “correcting
th[e] clerical omission” of the date of signing pursuant to Rule 316.  The trial court granted this motion, signing
a judgment nunc pro tunc on August 24, 2010 that is identical to the prior
judgment, only specifying that it was signed on March 27, 2009.  Pletcher and Bennett did not oppose the trial
court specifying the date of signing of the judgment as March 27, 2009, because
the trial court had already determined that date when it signed the
certification in June 2010.   In fact,
because the trial court had already stated his recollection of the date of
signing, Pletcher and Bennett requested the court to utilize that day in the judgment
nunc pro tunc.  Pletcher and Bennett then
filed an appeal from the judgment nunc pro tunc.  That appeal was assigned cause number
01-10-00845-CV in this Court (the “2010 appeal”). 

          In their verified
motion to extend post judgment deadlines filed with trial court, Pletcher and
Bennett asserted that they did not receive notice that judgment had been signed
on March 27, 2009 within 20 days of the date of signing.  Pursuant to Rule 306a(4), they asked for
their time periods to begin running from the date that they received notice
that the judgment was signed on March 27, 2009—that is, June 22, 2010, when the
trial court signed the certification. 
The record does not contain a ruling from the trial court on this
motion. 

          In Pletcher
and Bennett’s response to Hansen’s motion to dismiss and for sanctions, they
assert that the clerk’s notice states the original judgment was rendered on
March 30, 2009 and a judgment cannot be signed before it is rendered.  In other words, they ask this Court to give
conclusive effect to the clerk’s notice rather than the trial court’s
certification.  In the alternative,
Pletcher and Bennett contend that they should be allowed to appeal the August
24, 2010 judgment nunc pro tunc pursuant to Rule 306a(6).  Hansen also appeals the judgment nunc pro tunc,
contending that the trial court erred in rendering that judgment. 




 

Jurisdiction

          As a
threshold matter, we must determine if this Court has jurisdiction over the 2009
appeal.  Hansen has moved for dismissal
asserting that Pletcher and Bennett’s notice of appeal was not timely filed.

A.      The
date of signing determines the time to file a motion for new trial and notice
of appeal

 

          In
the absence of a timely notice of appeal,
this court lacks jurisdiction over an appeal and
must dismiss.  Garza v. Hibernia Nat’l Bank, 227 S.W.3d 233, 233 (Tex.
App.—Houston [1st Dist.] 2007, no pet.); see
Wilkins v. Methodist Health Care Sys., 160 S.W.3d 559, 564 (Tex. 2005). 
A notice of appeal “must be filed within 30 days after the judgment is
signed.”  Tex. R. App. P. 26.1. 
The time to file a notice of appeal may be extended by, among other
things, a timely filed motion for new trial. 
Tex. R. App. P.
26.1(a)(1).  A motion for new trial must
be filed “prior to or within thirty days after the judgment or other order
complained of is signed.”  Tex. R. Civ. P. 329b(a). 

          Rule 329b(a) and Rule 26.1 both
expressly state the beginning of the time period to file a motion for new trial
or notice of appeal begins on the date the judgment is signed.  Id.; Tex. R. App. P. 26.1.  Rule 306a of the Texas Rules of Civil
Procedure also expressly states this start date, and provides other rules for determining
the beginning of a party’s time period to file a motion for new trial,
including rules concerning the other issues involved in this case, such as when
a judgment does not state the date of signing and when a party does not receive
notice of the signing of a judgment. 
Rule 306a, entitled “Periods to Run From Signing of Judgment,”
provides, in pertinent part:

1.  Beginning of periods.  The date of judgment or order is signed as
shown of record shall determine the beginning of the periods prescribed by
these rules  . . . for filing in the
trial court the various documents that these rules authorize a party to file
within such periods including, but not limited to, motions for new trial,  . . . ; but this rule shall not determine what
constitutes rendition of a judgment or order for any other purpose.

 

. . . .

 

3.  Notice
of judgment.  When the final judgment
or other appealable order is signed, the clerk of the court shall immediately
give notice to the parties or their attorneys of record by first-class mail
advising that the judgment or order was
signed. Failure to comply with the provisions of this rule shall not affect
the periods mentioned in paragraph (1) of this rule, except as provided in
paragraph (4).

 

4.  No notice of judgment.   If within twenty days after the judgment or
other appealable order is signed, a party adversely affected by it or his
attorney has neither received the notice required by paragraph (3) of this rule
nor acquired actual knowledge of the
order, then with respect to that party all the periods mentioned in
paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge
of the signing, whichever occurred
first, but in no event shall such periods begin more than ninety days after the
original judgment or other appealable order was signed.

 

5.  Motion, notice and hearing.  In order to established the application of
paragraph (4) of this rule, the party adversely affected is required to prove
in the trial court, on sworn motion and notice, the date on which the party or
his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after
the judgment was signed.

 

6.  Nunc pro tunc order.  When a corrected judgment has been signed
after expiration of the court’s plenary power pursuant to Rule 316, the periods
mentioned in paragraph (1) of this rule shall run from the date of signing the
corrected judgment with respect to any complaint that would not be applicable
to the original document.

 

Tex. R. Civ. P. 306a (emphasis
added).

          As noted above,
the parties dispute when the judgment was signed.  If it was signed on March 27, 2009, Pletcher
and Bennett’s motion for new trial filed on April 29 was not timely and did not
extend the time for filing a notice of appeal absent a showing of grounds set
forth in Rule 306a(4) for extending that deadline.    Under this scenario, the June 2, 2009 notice
of appeal was filed more than 30 days after the judgment and was not
timely.  See Tex. R. App. P. 26.1.  If, however,
the judgment was signed on March 30, the motion for new trial and the notice of
appeal were both timely.  See Tex.
R. App. P. 26.1(a).  Thus, the
first matter we must determine in this case is when the judgment was signed.

B.      Signing
of the original judgment 

          The evidence supports the trial
judge’s certificate that he signed the judgment on March 27.  The trial judge signed a certificate, and
later, a judgment nunc pro tunc, stating that he signed the judgment on March
27, 2009.  At the hearing before he
signed the certificate, the trial judge stated in open court that he determined
the date based on his own recollection. 
The record also contains a letter dated March 27, 2009 that accompanied
the hand-delivery of the judgment to the trial court and states that the judge
had ordered the judgment to be delivered to him that day.  The listing of the dates of various pleadings
in the clerk’s record also states that the original judgment was signed on
March 27, 2009.

          Pletcher and
Bennett argue that the trial court clerk’s notice of April 3, 2009, that stated
the judgment was rendered on March 30, 2009, “is much stronger and conclusive
evidence than the trial judge’s recollection of the event more than one year
later.”  We are in no position to
disagree with the trial court’s determination, particularly when his
recollection is supported by other facts in the record.  Rule 306a(2) expressly provides that the date of signing of
a judgment “may be shown in the record by a certificate of the judge or
otherwise” when the date of the signing is not recited in the judgment.  Tex. R. Civ. P. 306a(2); see also Burrell v. Cornelius, 570 S.W.2d 382, 384 (Tex. 1978)
(accepting trial court’s change to date judgment signed when trial court’s
judgment stated date matter was heard but not date of signing of judgment); cf. Barton v. Gillespie, 178 S.W.3d 121, 127 (Tex. App.—Houston [1st
Dist.] 2005, no pet.) (holding trial court may rely on its recollection in
determining whether a clerical error was made and a judgment nunc pro tunc is
appropriate).

      Pletcher
and Bennett also contend that because the clerk’s notice states the judgment
was rendered on March 30, 2009, it is impossible for the judgment to have been
signed on March 27, 2009.[1]  Not so. 
The judgment here could have been signed on Friday March 27 and given to
the clerk and filed on Monday March 30. 
The clerk could then have used the term “rendered” for the date of the
filing. 

Pletcher and Benett rely on
language in various opinions that a written judgment is rendered when it is
filed with the clerk.  

A judgment routinely goes through three stages: rendition, reduction to writing and judicial signing, and entry.  A judgment is “rendered” when the trial court’s
decision upon the matter submitted to it for resolution is officially announced
either orally in open court or by memorandum filed with the clerk. 

 

In re Bill Heard
Chevrolet, Ltd., 209 S.W.3d 311, 315 n.5 (Tex. App.—Houston [1st
Dist.] 2006, orig. proceeding) (citing Comet Aluminum Co. v. Dibrell,
450 S.W.2d 56, 58 (Tex. 1970)) (emphasis added).[2]  This language suggests that a judgment may be
signed before it is rendered, or, “announced . . . by memorandum filed with the
clerk.”  Id.  

Whether
the judgment was “rendered” when it was signed or when it was filed with the
clerk is legally insignificant because the signing starts the applicable
appellate time tables.  Coinmach, Inc. v. Aspenwood Apt. Corp., 98 S.W.3d 377, 380 (Tex.
App.—Houston [1st Dist.] 2003, no pet.) (holding that when a trial court signed a judgment,
but it was not filed with the clerk for several days, the post-judgment time
periods nevertheless began to run on the date of signing, not the date the
judgment was filed with the clerk). 
Therefore, we
do not
need to determine whether the signing of the original judgment by the trial
court constituted a rendition of judgment. 


 Accordingly, we conclude that the evidence
supports the trial court’s certificate that the judgment was signed on March
27, 2009.  See Tex. R. Civ. P. 306a(2) (date
of signing “may be shown in the record by a certificate of the judge or
otherwise”); Burrell, 570 S.W.2d at 384 (trial court’s
correction to date in judgment supported by other facts in record).

 C.     The appeal of the
original judgment

          Having
determined that the record supports the trial court’s determination that the
original judgment was signed March 27, 2009, Pletcher and Bennett’s motion for
new trial filed 33 days later on April 29, 2010 is untimely.  Their notice of appeal had to have been filed
by 30 days after the judgment, or April 27, 2009.[3]  See
Tex.
R. App.
P. 26.1.  It was not filed until June 2,
2009. 

          Before the
trial court, Pletcher and Bennett sought an extension of time pursuant to Rule
306a(4).  As noted in our statement of
facts, the trial court did not rule on that motion.  Thus, any error is waived.  See
Tex. R. App. P. 33.1(a)(2)(A) (ruling
by trial court required
to preserve issue for appeal).

Accordingly, we dismiss the 2009 appeal
for lack of jurisdiction.[4]

Appeal of the judgment nunc pro
tunc

In the 2010 appeal, both sides have appealed the trial
court’s judgment nunc pro tunc.  In her
sole issue, Hansen contends that the trial court erred by signing the judgment
nunc pro tunc because—except for specifying the date—it was identical to the
original judgment and signed for the sole purpose of extending Pletcher and
Bennett’s time to perfect their appeal. 
In their first issue in the 2010 appeal, Pletcher and Bennett assert
that the trial court erred by signing the judgment nunc pro tunc stating that
the judgment was signed on March 27, 2009. 
In other words, Hansen contends the trial court erred by signing the
judgment nunc pro tunc at all,
whereas Pletcher and Bennett complain that the trial court erred by making the
correction it did. 

          After a trial court loses plenary
power, it may not change its judgment.  A
judgment nunc pro tunc may, however, be issued after a trial court’s plenary
power expires to “correct a clerical error” in a judgment or order.  Tex. R. Civ. P. 329b(f); Tex. R. Civ. P. 316; Gutierrez v. Gutierrez, 86 S.W.3d 721, 726 (Tex. App.—El Paso
2002, no pet.); Jenkins v. Jenkins,
16 S.W.3d 473, 482 (Tex. App.—El Paso 2000, no pet.) 


          To be
clerical in nature, the error must be one that is not the result of judicial
reasoning, evidence, or determination. Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986); Barton,
178 S.W.3d at 126.  Conversely, a
judicial error arises from a mistake of law or fact that requires judicial
reasoning to correct.  Barton, 178
S.W.3d at 126.  A clerical error occurs
in entering final judgment, while a judicial error is made in rendering
a final judgment.  Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex.1986); Barton, 178 S.W.3d at 126.  Whether an error is judicial or clerical is a
question of law.  Escobar,
711 S.W.2d at 232.  In determining whether a correction is of a judicial or a
clerical error, courts examine the judgment actually rendered, not the judgment
that should or might have been rendered. 
Id. at 231.  A judgment rendered to correct a
judicial error after plenary power has expired is void.  Hernandez v. Lopez, 288 S.W.3d 180, 185 (Tex.
App.—Houston [1st Dist.] 2009, no pet.); Riner v. Briargrove Park Prop.
Owners, Inc., 976 S.W.2d
680, 682 (Tex. App.—Houston [1st Dist.] 1997, no writ).

          The
correction of the date of signing is the type of mistake, a clerical error,
that may be corrected
by a judgment nunc pro tunc.  See In re Taylor, 113 S.W.3d 385, 393
(Tex. App.—Houston [1st Dist.] 2003, orig. proceeding); In re Broussard, 112 S.W.3d 827, 833 (Tex. App.—Houston [14th
Dist.] 2003, orig. proceeding).   One court has held that the omission of the
date of signing may be corrected by a judgment nunc pro tunc.  See Owens-Corning
Fiberglas Corp. v. Wasiak, 883 S.W.2d 402, 404–05 (Tex. App.—Austin 1994,
no writ) (stating omission of date of signing is clerical error that may be
corrected by judgment nunc pro tunc). 

Nevertheless, the trial court erred in granting the request
for a judgment nunc pro tunc because a trial court cannot sign a judgment nunc
pro tunc for the sole purpose of extending appellate deadlines.  Anderson
v. Casebolt, 493 S.W.2d 509, 510 (Tex. 1973).  In Anderson,
the trial court signed a final judgment on August 18, 1971.  Id.  More than 30 days later, the trial court
signed an identical order with the date of September 20, 1971.  Id.  There was also a recital stating that
plaintiff’s counsel did not have knowledge of the August 18 judgment in time to
perfect an appeal.  Id.  The Supreme Court held
that the September 20 judgment “could serve no purpose other than to enlarge
the time for appeal” and, thus, was improper. 
Id. at 510–11.  While this case is distinguishable because
the trial court’s judgment did not reflect the date of signing, the correction
was unnecessary because the date was already established by the trial court’s
July 2010 certificate setting forth the date that the judge signed the original
judgment.  Thus the “sole” purpose of the
judgment nunc pro tunc was to extend time for filing an appeal.  We conclude that Anderson bars the trial court from signing the judgment nunc pro
tunc.

          We sustain Hansen’s sole issue, and
vacate the trial court’s judgment nunc pro tunc, leaving intact the trial
court’s original judgment.

E.      Conclusion

          In summary:

•        
The trial court’s determination that the
original judgment was signed March 27, 2007 is supported by the record.

 

•        
Pletcher and Bennett’s notice of appeal of the
trial court’s original judgment in appellate cause number 01-09-00516-CV was
not timely filed.

 

•        
The trial court erred by signing a judgment nunc
pro tunc.

 

Accordingly,
we conclude that we lack jurisdiction over the 2009 appeal, and we vacate the
judgment nunc pro tunc signed on August 24, 2010.    

Conclusion

          We grant
Hansen’s motion to dismiss and dismiss cause number 01-09-00516-CV for want of
jurisdiction.  We vacate the judgment and
dismiss the appeal in cause number 01-10-00845-CV.  We deny Hansen’s motion for sanctions and
dismiss all other pending motions as moot.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel consists of Justices
Jennings, Higley, and Brown.











[1]
       Specifically,
Pletcher and Bennett rely on Wittau v.
Storie, in which the court held that when a “trial court signs a judgment
on an issue without first making an oral pronouncement in open court, the act
of signing the judgment is the official act of rendering judgment.”  145
S.W.3d 732, 735 (Tex. App.—Fort Worth 2004, no pet.).  Courts have repeatedly
found that the trial court’s act of signing the judgment constituted the
official act of rendering the judgment.  See, e.g., Bd. of Trs. of Bastrop Indep. Sch. Dist. v. Toungate, 958 S.W.2d
365, 367 (Tex. 1997); Reese v. Piperi,
534 S.W.2d 329 (Tex. 1976).  But in these
cases the issue was whether the rendition occurred before the judge signed the
judgment, not whether it occurred after the judge signed the judgment.  In all of these cases, including Wittau, the issue involved whether the
judge had rendered a judgment or order by an oral pronouncement that was before
the date the formal order was signed.  In
this case, the signature occurred before the date that Pletcher and Bennett
claim constituted “rendition.”

 





[2]
       The Texas Supreme Court has offered two
definitions of when a judgment is rendered. 
Compare  Comet Aluminum Co. v. Dibrell, 450 S.W.2d
56, 59 (Tex. 1970) (“A judgment is in fact rendered whenever the trial judge
officially announces his decision in open court . . . in his official capacity
for his official guidance whether orally or by written memorandum the sentence
of law pronounced by him in any cause.”) and
Samples Exterminators v. Samples, 640 S.W.2d 873, 875 (Tex. 1982) (quoting Comet) with S & A Restaurant
Corp. v. Leal, 892 S.W.2d 855, 857–58 (Tex. 1995) (judgment
is rendered when the court makes an official announcement, “either orally in
open court or by memorandum filed with the clerk”) and Dunn v. Dunn, 439 S.W.2d 830, 832 (Tex. 1969) (same).





[3]           Actually, 30 days after the judgment
was April 26, 2009.  April 26, 2009,
however, was a Sunday.  Therefore, their
notice of appeal was due Monday, April 27, 2009.  See
Tex.
R. App. P. 4.1(a).

 

            We also note that a notice of appeal
filed within 15 days of the deadline can be timely if accompanied by a motion
for extension of time and a reasonable explanation for the untimely
filing.  See Tex. R. App.
P. 26.3 and 10.5(b) (concerning motion for extension of time to file notice of
appeal); Verburgt v. Dorner, 959
S.W.2d 615, 617 (Tex. 1997) (implying motion for extension of time if notice of
appeal filed within 15 days of deadline). 
Fifteen days from April 27, 2009 was May 12, 2009, well before the notice
of appeal in this case was filed. 

 





[4]           Pletcher
and Bennett further argue that dismissal of the appeal denies them due
process.  They have not, however, cited
any authority in support of this proposition. 
It is, therefore, waived.  See Tex.
R. App. P. 38.1(i).  We do,
however, deny the motion for sanctions.