**Reversed and Remanded and Memorandum Opinion filed March 6, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-01087-CV

---

**PAIGE TROTTER HOLLOWAY AND BARBARA TROTTER COLLINS, INDIVIDUALLY, AS CO-ADMINISTRATORS OF THE ESTATE OF J. T. TROTTER, DECEASED, AS CO-TRUSTEES OF TROTTER GRANDCHILDREN'S 1993 TRUSTS, J. T. TROTTER 2004 GRANTOR TRUST, TROTTER GGC 2004 TRUST, TROTTER 1993 TRUST FOR PAIGE HOLLOWAY, TROTTER 1993 TRUST FOR BARBARA COLLINS AND ALL OTHER TRUSTS CREATED UNDER DECEDENT'S WILL, AND AS CO-TRUSTEES OF THE JACK TROTTER FOUNDATION AND TROTTER EDUCATION FOUNDATION, AND WILLIAM COLLINS, TRUSTEE OF THE TROTTER FRIENDS 2005 TRUST, Appellants**

**V.**

**RICHARD MONROE, KATHY KYLE AND DAWN RIGBY, Appellees**

---

**On Appeal from Probate Court No. 3
Harris County, Texas
Trial Court Cause No. 392,875**

---

# MEMORANDUM OPINION

This is an appeal from a summary judgment in favor of the Appellees, Richard Monroe, Kathy Kyle, and Dawn Rigby. The Appellants, Paige Trotter Holloway and Barbara Trotter Collins, Individually, as Co-Administrators of the Estate of J. T. Trotter, Deceased, as Co-Trustees of Trotter Grandchildren's 1993 Trusts, J. T. Trotter 2004 Grantor Trust, Trotter GGC 2004 Trust, Trotter 1993 Trust for Paige Holloway, Trotter 1993 Trust for Barbara Collins and all other trusts created under Decedent's Will, and as Co-Trustees of the Jack Trotter Foundation and Trotter Education Foundation, and William Collins, Trustee of the Trotter Friends 2005 Trust, contend that the trial court erred in granting summary judgment on limitations grounds because the Appellees failed to (1) conclusively prove that the discovery rule does not apply to extend limitations; (2) address their claims for fraudulent transfer and the applicability of the discovery rule to this claim; and (3) affirmatively establish that all their claims fell outside the statute of limitations and that the discovery rule did not apply to them. The Appellants further assert that the trial court erred in granting final summary judgment on limitations grounds for claims that occurred within the limitations period. We reverse and remand for proceedings consistent with this opinion.

## BACKGROUND

The Appellants Paige Trotter Holloway, Barbara Trotter Collins, and William Collins are the daughters and son-in-law of Jack T. Trotter, who died on November 26, 2009. This dispute arose because, at the time of Trotter's death, his estate was unable to pay Paige and Barbara $2,700,000, an amount that he had agreed to pay them upon his death as part of his divorce agreement with their mother. The Appellants filed suit against the Appellees on November 28, 2011.

The Appellees were employees of Trotter before his death and were aware of this agreement. Monroe was Trotter's longtime CPA in charge of bookkeeping for all of Trotter's businesses and other charitable and investment entities. Monroe was an officer in many of Trotter's businesses and a signatory on several accounts for various entities in which Trotter had an interest. Kyle was Trotter's assistant who oversaw the running of his office and handled Trotter's checkbook. Rigby was Trotter's secretary.

Toward the end of Trotter's life, he was extremely ill, both physically and mentally. His death certificate states that he had severe dementia for fifteen years and advanced Parkinson's disease for seventeen years. During this time, the Appellants allege that the Appellees took advantage of Trotter by self-dealing or taking assets from him. In their live pleading at the time summary judgment was granted, they alleged the following facts:

- Monroe was the grantor on the Trotter Friends 1995 Trust, which was funded with assets diverted from Trotter's estate.

- Monroe was "intimately involved" in the J.T. Trotter 1997 Trust, which also "improperly diverted" assets from Trotter's estate.

- Monroe participated in the creation of and was a material beneficiary of the J.T. Trotter 2002 Trust. This trust also divested assets from Trotter's estate.

- Monroe purchased Tiltex Co. from Trotter at "a huge and undisclosed discount" from Trotter.

- Monroe "claims" that several valuable paintings were given to him by Trotter before Trotter's death.

- Monroe made improper payments to himself and his companies by creating false or inflated invoices and billing to be paid by Trotter's companies.

3

- Monroe charged Trotter and his companies excessive overhead payments.

- Kyle purchased paintings owned by Trotter for a very low amount and then sold them back to him for a "great deal more." Kyle knew the "sham sale" was improper and that Trotter had lost capacity at the time of these sales.

- Kyle was in possession of Trotter's checkbook and made improper payments to herself and her family from it.

- Kyle participated in and benefited from the J.T. Trotter 2002 Trust and the J.T. Trotter 1997 Trust.

- Rigby was aware of most, if not all, of the above actions taken by Monroe and Kyle. Rigby also benefited from the "fraudulent" J.T. Trotter 2002 Trust and the J.T. Trotter 1997 Trust.

- At the time that the Trotter Friends 2005 Trust "and some other trusts," as well as the sale of Tiltex Co. to Monroe, were executed or completed, Trotter lacked capacity.

Based on these facts, the Appellants alleged causes of action for: (1) breach of fiduciary duty; (2) fraud; (3) money had and received; (4) unjust enrichment; (5) lack of capacity; (6) undue influence; (7) fraud by nondisclosure; (8) intentional interference with inheritance rights; (9) conversion; (10) conspiracy; and (11) fraudulent transfers. The Appellants also asserted the application of the discovery rule to delay the accrual date of their causes of action until they "knew or should have known" of the facts giving rise to their claims because of the Appellees' fraudulent acts and the inherently undiscoverable nature of many of the facts. The Appellants alleged that most of the facts were not discovered until after Trotter's death. They sought actual, consequential, and exemplary damages, as

4

well as a constructive trust for the sale proceeds of Tiltex Co. and funds improperly dispersed to the Appellees, attorney's fees, and costs.

Monroe moved for summary judgment on April 30, 2012. According to this motion, the Appellants' causes of action included breach of fiduciary duty, fraud, money had and received, unjust enrichment, lack of capacity, undue influence, fraud by nondisclosure, conversion, intentional interference with inheritance rights, and conspiracy. Kyle and Rigby filed motions for summary judgment by which they joined Monroe's motion. Monroe's grounds for summary judgment were: (1) the Appellants' acquiescence in accepting numerous cash benefits from Trotter when they had disclosure of numerous material facts about which they now complained; (2) limitations prevented the Appellants' claims related to Tiltex Co. and the J.T. Trotter 1997 Trust because the Appellants were frequently provided disclosures regarding the actions Trotter took concerning these entities; and (3) the Appellants judicially admitted to Trotter's capacity and that he was of sound mind by stepping into the shoes of the executors of his estate.

The Appellants responded to the motions, asserting that the Appellees improperly moved for final summary judgment because the Appellees failed to properly address their affirmative defenses regarding each cause of action raised in the Appellants' pleadings. The Appellants further asserted that the doctrine of acquiescence does not apply to this case because Monroe, Kyle, and Rigby cannot use an equitable doctrine to shield themselves from their own tortious acts. They further asserted that the discovery rule operated to defer the accrual of their causes of action for fraud and breach of fiduciary duty and that the Appellees failed to address this rule in their motions. Finally, the Appellants claimed that they had not judicially admitted that their father, Trotter, had capacity by stepping into the shoes of the prior executors of his estate. They asserted that there were times that Trotter

5

had capacity followed by instances when he did not have capacity. They attached numerous copies of Trotter's medical records to support his waxing and waning capacity over the latter years of his life.

On June 26, 2012, the trial court signed an order "partially" granting Monroe's traditional motion for final summary judgment "as to the Statute of Limitations" only. In this order, the Court stated,

> [T]he Court finds that no genuine issue of material fact exists as to Plaintiffs' claims against [Monroe] as alleged in their Second Amended Petition as to the Statute of Limitations ONLY and therefore summary judgment in favor of [Monroe] is proper as to the Statute of Limitations. The summary judgment as to the issue of Doctrine of Acquiescence and Judicial Admissions are denied.

The trial court signed identical orders granting Kyle's and Rigby's motions on July 17, 2012.

The Appellants filed a motion for new trial and rehearing or clarification on July 27, seeking clarification regarding whether the trial court's summary judgment orders were intended to be final or, if the orders were final, seeking a new trial. At a hearing on this order held on August 28, 2012, the Appellants asserted that several of their claims were within the statute of limitations. At this hearing, the trial court stated to appellants, "Okay. Then amend your pleading to show if, in fact, you are showing something within an applicable statute of limitations." The court then continued the hearing on the motion until October 11.

This hearing was delayed until October 30, and the Appellants filed an amended petition with leave of court on October 29. At the hearing on October 30, 2012, the trial court signed an order denying the Appellant's motion for new trial and rehearing or clarification. In this order, however, the trial court included the following language:

ORDERED, ADJUDGED and DECREED that the Orders signed on June 26, 2012 and July 17, 2012, Partially Granting Richard Monroe, Kathy Kyle, and Dawn Rigby's Traditional Motion for Final Summary Judgment on the defense of limitations disposed of all claims alleged by Plaintiffs in their ~~Second~~ *Third* Amended Petition.[1]

From this order, the Appellants noticed their appeal.

## JURISDICTION

Because Monroe, joined by Kyle and Rigby, has challenged our appellate jurisdiction in their briefs, we address that issue first. They assert that the Appellants' notice of appeal is untimely under our rules of appellate procedure, contending that the July 17, 2012 orders on Kyle's and Rigby's motions for summary judgment control the appellate deadlines.

First, we conclude that the July 17, 2012 orders constituted a final judgment because, coupled with the earlier order disposing of all claims against Monroe, they disposed of all parties and all claims in this case. *See, e.g.*, *McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 322 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972) and *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995) for the proposition that interlocutory judgments or partial summary judgments become final upon disposition of other issues in case). A trial court retains jurisdiction over a case for a minimum of thirty days after signing a final judgment. Tex. R. Civ. P. 329b(d). During this time, the trial court's plenary jurisdiction may be extended by the timely filing of an appropriate post-judgment motion, such as a motion for new trial or a motion to modify, correct, or reform the judgment. *See* Tex. R. Civ. P. 329b(e), (g); *Lane Bank Equip. Co. v. Smith S. Equip. Co.*, 10 S.W.3d 308, 310

---

[1] The trial court interlineated "Second" and handwrote "Third." Additionally, there is more language following this portion of the order, but it is interlineated and has handwritten language beside it. It is difficult to discern what the trial court intended the order to state.

7

(Tex. 2000). Here, the Appellants timely filed a motion for new trial on July 27, 2012.

"In the event an original or amended motion for new trial . . . is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period." Tex. R. Civ. P. 329b(c). Because the trial court did not rule on the Appellants' motion for new trial, it was overruled by operation of law seventy-five days later, on October 1, 2012.[2] But the trial court retained plenary jurisdiction to "vacate, modify, correct, or reform the judgment" for thirty days *after* the motion for new trial was overruled by operation of law. *See* Tex. R. Civ. P. 329b(e). Thus, the trial court retained plenary jurisdiction to modify, correct, or reform the judgment for 105 days from the date the final judgment was signed, or until October 30, 2012. Here, the trial court signed a new judgment on October 30, the last day of its plenary jurisdiction.

The Appellees assert, however, that the October 30 order described above served to simply affirm a former judgment in an effort to improperly enlarge the period for perfecting an appeal. *See Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex. 1973) (per curiam). But "[i]f a judgment is modified, corrected or reformed *in any respect*, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed." Tex. R. Civ. P. 329b(h) (emphasis added); *see also In re J.L.*, 163 S.W.3d 79, 83 (Tex. 2005) (citing *Check v. Mitchell*, 758

---

[2] September 30, 2012, which was the seventy-fifth day after Appellants filed their motion for new trial, was a Sunday. Thus, the motion was overruled by operation of law on October 1, 2012. *See* Tex. R. Civ. P. 4 (in computing time periods under the rules of civil procedure, "[t]he last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday"); *see also Sims v. Fitzpatrick*, 288 S.W.3d 93, 105 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (applying rule 4 to computation of rule 329b(c) seventy-five-day period for ruling on motion for new trial).

S.W.2d 755, 756 (Tex. 1988) (per curiam)); *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003). The October 30 order modified the prior judgment because it purported to dispose of all claims alleged by the Appellants in their *third* amended petition. The earlier summary judgment orders were based on the Appellants' *second* amended petition. "[A]ny change, whether or not material or substantial, made in a judgment while the trial court retains plenary power, operates to delay the commencement of the appellate timetable until the date of the modified, corrected or reformed judgment is signed." *Check*, 758 S.W.2d at 755.

Thus, we conclude that the time for appeal in this case ran from the October 30, 2012 order, which modified and replaced the earlier final judgment signed by the trial court. *See Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 39–40 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Appellants' notice of appeal was timely filed, and we have jurisdiction over this appeal.

## SUMMARY JUDGMENT

### A. Standard of Review

We review the trial court's granting of a summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam). To be entitled to summary judgment under Rule 166a(c), a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant moving for summary judgment on a statute of limitations defense must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule if it applies and has been otherwise pleaded or raised. *KPMG Peat Marwick v. Harrison Cnty. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). We take as true all evidence favorable to the nonmovant and resolve any doubt in the nonmovant's favor. *20801, Inc. v.*

9

*Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable fact finders could, and disregarding evidence contrary to the nonmovant unless reasonable fact finders could not. *Mann Frankfort*, 289 S.W.3d at 848.

## B. Application

The Appellants, both in their summary judgment response and on appeal, raise numerous complaints about the trial court's grant of summary judgment on limitations grounds. As is relevant here, the Appellants assert in their first and third issues that the trial court erred by signing a final summary judgment because (1) the Appellees did not meet their burden to (a) conclusively prove when the Appellants' causes of action accrued and (b) negate the discovery rule as a matter of law and (2) the summary judgment motion filed by the Appellees did not conclusively establish that the statute of limitations applied to all the "claims, transactions and/or causes of action" pleaded by the Appellants. We agree.

We begin our analysis by reviewing Monroe's summary judgment motion, which Kyle and Rigby joined. In the part of his motion in which he asserts the affirmative defense of acquiescence, Monroe alleges that Paige and Barbara were made aware of the sale of Tiltex Co., LLC through financial statements of another company in which they were partners. Monroe contends that these financial statements were mailed to Paige and Barbara in April 2006 and included the following disclosure:

> As permitted under the Partnership agreement, effective April 1, 2005, Tiltex Co., the General Partner, was reorganized from a "C" Corporation into a Limited Liability Company, with J.T. Trotter as the sole member. On August 1, 2005, Richard E. Monroe, Jr., and Benjamin K. Kinney purchased J.T. Trotter's ownership of Tiltex Co.

10

LLC. This change in the structure of the General Partner has no impact on the Partnership's operation.

Monroe further asserts that in May 2007, Paige and Barbara were made fully aware of the "mechanics" of the 1997 Trust via letters sent to them by Andrew J. Clark, Trotter's attorney. In these letters, Clark disclosed to Paige and Barbara that Trotter was both the trustee and beneficiary of the 1997 Trust and "had the power to reduce the amount of assets remaining in that Trust." Copies of the letters sent to Paige and Barbara,[3] along with an affidavit from Clark, were attached to the motion.

The entirety of the portion of his motion regarding his statute of limitations affirmative defense reads as follows:

### C.  Limitations prevents Plaintiffs' claims against Monroe related to Tiltex Co. and the 1997 Trust

All of the claims asserted by Plaintiffs have two (2) or four (4) year limitations periods, and accordingly, such claims are barred with respect [to] the Plaintiffs['] knowledge in 2005, with respect to Plaintiffs' claims regarding Tiltex Co. and Plaintiffs' claims which concern the 1997 Trust.

The Plaintiffs cannot assert that they had no knowledge of the facts because they frequently received disclosures of such actions. In *Lindley*, the Court held that a stockholder whose shares were redeemed by the corporation did have knowledge of the material facts when she had gained information of the transaction through letters and signed agreements. *Lindley v. McKnight* 349 S.W.3d [113,] 131 [(Tex. App.—Fort Worth 2011, no pet.)]. The same holds true for Plaintiffs in this case. They had notice and disclosure regarding Tiltex Co. and the 1997 Trust as early as 2004 and 2005 through receipt of various information. Accordingly, limitations prohibits any claims against Monroe related to these two entities.

---

[3] These letters were actually dated May 19, 2004.

In summary, the Plaintiffs were well aware of the actions the Decedent was taking and even participated in those actions themselves. Plaintiffs discussed Decedent's actions with Monroe. Limitations bars any claims against Monroe related to Tiltex Co. and the 1997 Trust. This Court should dismiss all claims against Monroe related to Tiltex Co. and the 1997 Trust.

(footnotes omitted).

As the movant for summary judgment on limitations grounds, the Appellees had the burden of conclusively proving when the Appellants' causes of action accrued and negating the discovery rule because the Appellants pleaded the discovery rule and its application to their causes of action. *See KPMG Peat Marwick*, 988 S.W.2d at 748. To meet this burden, the Appellees had to prove as a matter of law either that the discovery rule did not apply or that there was no genuine issue of material fact about when the Appellants discovered, or in the exercise of reasonable diligence should have discovered, the nature of their injury. *See id*. If the Appellees established that limitations barred the Appellants' actions, then the Appellants were required to adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *See id.*

It appears that Monroe's motion and evidence only established the accrual date of the Appellants' "claims against Monroe related to Tiltex Co. and the 1997 trust."[4] But Monroe makes no effort in his motion to detail which specific causes of action are barred by these facts.[5] Moreover, Monroe does not discuss whether or how the discovery rule applies to any of the Appellants' causes of action,

---

[4] As noted above, Monroe filed his own motion, and Kyle and Rigby filed motions joining Monroe's motion.

[5] Monroe provides a footnote in the statute of limitations section of his motion listing the various limitations periods according to statute or case authority for many of the Appellants' causes of action. But these bare references to the limitations periods for these causes of actions do not establish the accrual date for each of them. Furthermore, he provides no limitations period for the Appellants' causes of action for unjust enrichment or fraudulent transfer.

12

although he does state that the Appellants had "notice and disclosure regarding Tiltex Co. and the 1997 Trust as early as 2004 and 2005 through receipt of various information." *Cf. Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 228 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that if the plaintiff pleads the discovery rule as an exception to limitations, the defendant moving for summary judgment must negate it by demonstrating the rule does not apply or proving as a matter of law that there is no genuine issue of material fact as to when the plaintiff discovered or should have discovered the nature of her injury).

In their summary judgment response, the Appellants assert, "Movants make no attempt to break down the[] causes of action and address them individually. . . . Respondents would contend[] that until Movants specifically state which causes of action they are seeking to have this Court rule upon, the Court should not rule upon any of the claims, but rather simply deny the Movants' Motion." The Appellants further explain the application of the discovery rule to many of the claims, including their fraud and breach of fiduciary duty causes of action. Regarding the Tiltex sale, they argue that the appropriate question is not whether they knew that the company had been sold, but whether they knew that the transaction was unfair and that the sale was for significantly less than the company was worth—an issue that they did not discover until after Trotter's death. They attached affidavits in support of this allegation.

Finally, our review of the Appellants' petition reveals that neither Tiltex nor the 1997 Trust are mentioned specifically in the Appellants' claims for breach of fiduciary duty, money had and received, unjust enrichment, intentional interference with inheritance rights, and conversion. Additionally, other facts are alleged in their claims for fraud, lack of capacity, undue influence, fraud by nondisclosure, conspiracy, and fraudulent transfer.

It is well-settled that a motion for summary judgment must stand or fall on the grounds presented in the motion. *See Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997); *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 805 (Tex. 1994); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). Summary judgment movants must establish their entitlement to summary judgment on the "issues *expressly presented* to the trial court by conclusively proving all essential elements in [their] cause of action or defense as a matter of law." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979). A trial court may not grant summary judgment as a matter of law on a cause of action not addressed in the summary judgment motion. *See id.* To do so is error. *See Guest v. Cochran*, 993 S.W.2d 397, 402 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

Regardless of the merits of Monroe's, Kyle's, and Rigby's limitations defenses, they failed to move for summary judgment on limitations on *all* of the Appellants' claims. *See id.* Moreover, as to the Tiltex Co. and 1997 Trust claims on which they did move for summary judgment, they failed to adequately address their statute of limitations affirmative defense. *See Seureau*, 274 S.W.3d at 228.

For the foregoing reasons, we conclude that the trial court erred by granting summary judgment in favor of Monroe, Kyle, and Rigby. *See id.; Guest*, 993 S.W.2d at 402. We therefore sustain the Appellants' first and third issues. Having sustained these issues, we need not address their other issues. *See* Tex. R. App. P. 47.1; *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996).

## CONCLUSION

Having sustained the Appellants' first and third issues, we reverse and remand this cause for proceedings consistent with this opinion.


/s/        Sharon McCally
                Justice

Panel consists of Justices McCally, Busby, and Wise.