# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00581-CV

**Appellant, Brooke Bruce// Cross-Appellant, Carter Bruce**

**v.**

**Appellee, Carter Bruce// Cross-Appellee, Brooke Bruce**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-FM-06-002028, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## ORDER

**PER CURIAM**

Appellee and Cross-Appellant, Carter Bruce (Carter), has filed with this Court a motion to dismiss the appeal of Brooke Bruce (Brooke) for want of jurisdiction, asserting that Brooke failed to file her notice of appeal timely or within the 15-day extension period. This jurisdictional issue hinges on the date of the final judgment as it bears upon appellate deadlines. The issue arises because—at least according to the record provided by Carter—the district court initially signed a final judgment on June 15, 2016, but the sole copy of the judgment was thereafter lost by the clerk's office, requiring the parties to recreate an exact duplicate that the district court signed on June 20, 2016. The gravamen of Carter's argument is that the relevant judgment date for appellate

purposes was June 15, not June 20.  If Carter is correct that June 15 is the controlling date, Brooke's

appeal would indeed be untimely, but the appeal would be timely if June 20 controls instead.[1]

We conclude that the final judgment was signed on June 20, 2016, making Brooke's

appeal timely.  A trial court "has plenary power . . . to vacate, modify, correct, or reform the judgment

within thirty days after the judgment is signed ."[2]  Moreover, "any change, whether or not material

or substantial, made in a judgment while the trial court retains plenary power, operates to delay the

commencement of the appellate timetable until the date the modified, corrected or reformed

judgment is signed."[3]  While an exception to this rule has been recognized where a second judgment

is signed for the "sole purpose" of extending the appellate timetable,[4] that is not the situation

---

[1] Brooke filed her notice of appeal on August 24, 2016—roughly 70 days after either judgment date—in the apparent belief that a motion for new trial she had filed on July 19 was timely so as to extend her appellate deadlines.  *See* Tex. R. App. P. 26.1(a)(1) (notice of appeal must be filed within 90 days after judgment is signed "if any party timely files . . . a motion for new trial"); Tex. R. Civ. P. 329b(a) (motion for new trial "shall be filed prior to or within thirty days after the judgment or other order complained of is signed").  The new-trial motion would have been timely as to a June 20 judgment date but not as to a June 15 date.

[2] Tex. R. Civ. P. 329b(d).

[3] *Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex. 1988) (per curiam); *see also* Tex. R. Civ. P. 329b(h) ("If a judgment is modified, corrected or reformed in any respect, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed"); *Owens-Corning Fiberglas Corp. v. Wasiak*, 883 S.W.2d 402, 404–411 (Tex. App.—Austin 1994, no writ) (per curiam) (second judgment—signed six days after first judgment and otherwise identical except for signature date—was deemed to have modified, corrected or reformed, and implicitly vacated, first judgment, thereby starting appellate timetables as of date of second judgment).

[4] In *Anderson v. Casebolt*, the Texas Supreme Court held that a second judgment, identical to the first judgment except for the signature date, did not extend the appellate timetable because "the second judgment could serve no purpose other than to enlarge the time for appeal." 493 S.W.2d 509, 510 (Tex. 1973) (per curiam); *see also Mackie v. McKenzi*e, 890 S.W.2d 807, 808 (Tex. 1994) (per curiam) (suggesting that "*Anderson* is limited to cases in which the face of the record reveals that the trial court entered the new order for the sole purpose of extending the appellate timetable.").

presented here.  Accordingly, the final judgment was signed on June 20, 2016, making Brooke's

appeal timely.  We deny Carter's motion to dismiss.[5]

It is ordered on January 23, 2017.


Before Justices Puryear, Pemberton and Goodwin

---

[5] This ruling also renders moot Carter's alternative motion to abate for evidentiary determination of the initial judgment date, and we thus dismiss it.